L. L. BOYD, ADMINISTRATOR OF THE ESTATE OF Z. D. BOYD, DECEASED, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 27 January, 1931.)

**1. Master and Servant E b—Railroad company is not liable to employee where independent negligence of third person is sole proximate cause of injury.**

Where the plaintiff's intestate, employed by the defendant as flagman at a crossing, is killed while flagging the defendant's crossing with a lantern furnished by the defendant, and there is evidence that the lantern was sufficient to warn those crossing in automobiles and others, and that the intestate was struck by a fast moving automobile, the driver and owner unknown, which struck the intestate and threw him beneath the defendant's train to his death: *Held,* the conduct of the driver of the automobile was an independent and sole proximate cause of the intestate's death, and a judgment as of nonsuit was properly entered, the case of two causes proximately causing the injury in suit not being applicable to the facts of this case.

**2. Negligence B c—Where independent negligence of third person is sole proximate cause of injury defendant cannot be held liable.**

Where the negligence of a third person is the sole proximate cause of the injury in suit, and acts independently of any alleged negligence on the part of the defendant, the defendant cannot be held liable for the resulting injury.

CIVIL ACTION, before *Oglesby, J.,* at June Term, 1930, of MECKLENBURG.

The plaintiff is the administrator of Z. D. Boyd, deceased, and brings this action to recover damages for the wrongful death of his intestate. Z. D. Boyd was a crossing watchman or flagman employed by the de-

fendant and assigned to duty at a grade crossing on North Davidson Street in the city of Charlotte. On the night of 19 March, 1927, the said watchman or flagman, upon noting the approach of a freight train owned and operated by the defendant, went upon the street at the crossing with a red lantern and began "flagging the crossing." The deceased flagman "had an oil lantern. It was a regular flagman's lantern with an oil screen around the globe to protect it." A witness for plaintiff testified: "Upon the night of the injury I was approaching the crossing. There is a knoll in the street about 250 feet south of the railroad tracks, and as I passed over the knoll I saw the flagman come out and begin flagging the crossing." Witness further stated: "I knew the watchman and I knew a train was approaching and knew that it was dangerous." Continuing his testimony, the witness stated that as he began to stop his car another car passed him, driving rapidly, and that the driver of the car, without stopping or attempting to stop, moved onto the crossing at a rapid rate of speed and struck the watchman and knocked him under a train, which was then passing over the crossing. The driver of this automobile, after hitting the flagman and knocking him under the train, came to a stop, turned around and fled from the scene, and so far as the evidence discloses, has never been heard of or apprehended.

At the conclusion of plaintiff's evidence there was judgment of nonsuit, and the plaintiff appealed.

*Frank McCleneghan and Stancill & Davis for plaintiff.*
*Cansler & Cansler for defendant.*

BROGDEN, J. Is a railroad company liable in damages for the negligent act of a third party who strikes a crossing flagman with an automobile and knocks him under a passing train?

The only theory upon which the plaintiff seeks to recover is that the lantern furnished by the defendant to the flagman was not a proper instrumentality in that it was an oil lantern and did not throw out sufficient light. This theory, however, is not supported by the evidence. The only eye witness to the killing saw the light and stopped. The red lantern is a sign of danger. Its size and source of illumination are not material if, in fact, the instrumentality actually gave reasonable warning of danger. The function performed by the appliance is more important upon the facts and circumstances of this case than mere mechanical construction. Moreover, it is manifest that the unfortunate death of plaintiff's intestate was proximately caused and produced by the negligence and reckless act of a third party, and that such reckless and negligent act was in no wise related to, growing out of, or dependent

upon any omission of duty upon the part of defendant. Even if there was evidence of negligence upon the part of defendant, the applicable principle of liability is stated in *Craver v. Cotton Mills,* 196 N. C., 330, 145 S. E., 570, in these words: "While there may be more than one proximate cause, that which is new and entirely independent breaks the sequence of events and insulates the original or primary negligence. This principle would apply if it should be granted that the defendant was negligent with respect to the light in the tower." Indeed the ruling of the trial judge was in strict accordance with the principles of law announced in *Lineberry v. R. R.,* 187 N. C., 786, 123 S. E., 1; *Thompson v. R. R.,* 195 N. C., 663, 143 S. E., 186.

Affirmed.