ROSCOE L. COX v. J. MILTON LEE.

(Filed 23 March, 1949.)

**1. Automobiles § 8a—**

While the driver of an automobile is not required to anticipate negligence on the part of others, he is under duty to keep a reasonably careful lookout at all times, and will be held to the duty of seeing what he ought to see.

**2. Automobiles § 12a—**

The driver of an automobile is required at all times to operate his vehicle with due regard to traffic and conditions of the highway, and keep his car under control and decrease speed when special hazards exist by reason of weather or highway conditions or when necessary to avoid colliding with any other vehicle, G.S. 20-140, 141.

**3. Automobiles § 8d—**

One who operates a motor vehicle at night must take notice of the existing darkness and must not exceed a speed which will enable him to stop within the radius of his lights.

**4. Same: Automobiles § 18h (3)—Evidence held to show contributory negligence as matter of law on part of driver hitting unlighted vehicle on highway.**

Defendant's truck was standing without lights with its front 3 to 4.8 feet on the hard surface of the highway on the north side. A car was parked on the shoulder on the south side of the highway, twenty-five or thirty feet east of the truck. The driver of plaintiff's car, traveling west at about fifty miles per hour, struck the protruding portion of defendant's truck. The driver of plaintiff's car testified that there was nothing on the highway to obstruct his view, that the lights on the parked car did not blind him, and that he was looking at the parked car on his left side of the road and therefore did not see the truck on his right until he struck it. *Held:* The evidence discloses contributory negligence as a matter of law on the part of the driver of the car.

Appeal by defendant from *Burgwyn, Special Judge,* November Term, 1948, Johnston. Reversed.

Civil action to recover damages resulting from an automobile-truck collision.

The evidence most favorable to plaintiff tends to show that on the night of 24 December 1947, about 6:30 p.m., defendant's pick-up truck was standing without lights, backed up to his corn crib on the north side of the Newton Grove-Goldsboro highway. The front end of the truck was on the hard surface portion of the highway, 3 to 4.8 feet. Defendant was under the shelter unloading corn. Plaintiff's son, operating plaintiff's car at about fifty miles per hour, on his right-hand side, approached from the east. At the time another car was standing on or near the shoulder of the road on the south side, headed east, with its parking lights on. It was standing twenty-five or thirty feet to the east of defendant's truck. The road was straight to the east from three-fourths to one mile, and there was no other traffic on the road and no obstruction to prevent one traveling westerly from seeing at least one-half mile. The car collided with the front end of the truck and then traveled on down the highway for about 300 feet. It was badly damaged.

The defendant offered evidence tending to show that plaintiff's car was traveling seventy-five or eighty miles per hour, and that the other car standing on the south side was twenty-five or thirty feet off the highway at or near a grove.

When the cause came on for trial, the court below submitted issues of negligence, contributory negligence, and damages. The jury answered each issue in favor of the plaintiff. From judgment on the verdict, defendant appealed.

*Wellons & Canaday for plaintiff appellee.*
*Lyon & Lyon for defendant appellant.*

BARNHILL, J.   The conclusion that the defendant committed an act of negligence in leaving his truck standing partly on the hard surface portion of the highway in the nighttime, unattended and without lights, would seem to be inescapable.

The question then is this: Does the evidence, considered in the light most favorable to plaintiff disclose negligence on the part of the driver of plaintiff's automobile which, as a matter of law, was a contributing cause of the collision and resulting damage? A careful review of the record leads us to the conclusion that we must answer in the affirmative.

The driver of an automobile is not required to anticipate negligence on the part of others, and his failure to do so does not constitute an act of negligence.   *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Caulder v. Gresham,* 224 N.C. 402, 30 S.E. 2d 312; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539.

But he is under the duty to keep a reasonably careful lookout.   *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661; *Reeves v. Staley, supra; Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565; *Harper v. Harper,* 225 N.C. 260, 34 S.E. 2d 185; *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 311; *Henson v. Wilson,* 225 N.C. 417, 35 S.E. 2d 245.   "The requirements of prudent operation are not necessarily satisfied when the defendant 'looks' either preceding or during the operation of his car.   It is the duty of the driver of a motor vehicle not merely to *look,* but to *keep an outlook* in the direction of travel; and he is held to the duty of seeing what he ought to have seen."   *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330.

Likewise, he must at all times operate his vehicle with due regard to the width, traffic, and condition of the highway, and he must decrease speed and keep his car under control "when special hazard exists . . . by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any . . . vehicle, or other conveyance on . . . the highway . . ." G.S. 20-141.   This requirement, as expressed in G.S. 20-140, 141, constitutes the hub of the motor vehicle law around which other provisions regulating the operation of motor vehicles revolve.   *Kolman v. Silbert,* 219 N.C. 134, 12 S.E. 2d 915; *Brown v. Products Co., Inc.,* 222 N.C. 626, 24 S.E. 2d 334; *Allen v. Bottling Co.,* 223 N.C. 118, 25 S.E. 2d 388; *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345; *Garvey v. Greyhound Corp.,* 228 N.C. 166, 45 S.E. 2d 58; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251.

So then, one who operates a motor vehicle during the nighttime must take notice of the existing darkness which limits visibility to the distance his headlights throw their rays, and he must operate his motor vehicle in such manner and at such speed as will enable him to stop within the radius of his lights. *Allen v. Bottling Co., supra; Lee v. R. R.,* 212 N.C. 340, 193 S.E. 395; *Caulder v. Gresham, supra; Sibbitt v. Transit Co.,* 220 N.C. 702, 18 S.E. 2d 203; *Tyson v. Ford, supra.*

Here the driver of plaintiff's automobile was operating his vehicle on a straight road. His headlights were in good condition. According to his own testimony there was nothing on the highway to obstruct his view, and the lights of the parked car did not blind him and did not prevent him from seeing the truck. Instead of looking in the direction he was traveling, he was looking to his left at the car parked on that side of the road "and that is why I did not see the truck until I struck it."

Thus it appears that he was not looking, or, looking, did not see the parked truck in time to stop or turn to the left and avoid the collision. In either event, his own negligence was one of the contributing causes of the unfortunate occurrence.

It follows that there was error in the refusal of the court below to grant the defendant's motion to dismiss the action as in case of nonsuit. For that reason the judgment below is

Reversed.