ALICE D. RIGGS v. AKERS MOTOR LINES, INC., AND HARRY B. CHASE
and
HATTIE D. BREEZE v. AKERS MOTOR LINES, INC., AND HARRY B. CHASE.

(Filed 2 February, 1951.)

1. **Automobiles § 18g (5)—**

The physical facts at the scene of an accident may disclose that the operator of the vehicle was traveling at excessive speed.

**2. Automobiles § 12a—**

A motorist is required to operate his vehicle with due regard to the conditions and hazards existing and to reduce speed in accordance with the requirements of due care under the circumstances, and therefore the fact that he did not exceed the statutory limit in regard to speed is not conclusive when the evidence discloses special hazards or dangerous conditions.

**3. Automobiles § 18h (2)—Evidence of excessive speed held for jury.**

Evidence tending to show that defendant's tractor-trailer was being operated on a wet highway in a drizzling rain, and that after a collision with another vehicle it jumped a road ditch bank about 1½ feet high, went 200 feet, tore down a cedar fence post six or eight inches in diameter, proceeded about 250 feet further and broke down an iron pipe post, knocked down a gas pump and crashed into a cinder block wall of a store and came to rest some eight or ten feet inside the store, *is held* sufficient to be submitted to the jury upon the question of whether the tractor-trailer was being operated at an excessive speed under the existing conditions notwithstanding defendant's evidence that it was traveling under 45 miles per hour.

**4. Negligence § 7—**

Whether the independent negligent act of a third party insulates the negligence of defendant is dependent upon the question of proximate cause, and in order to exculpate defendant's negligence it must break the sequence or causal connection between defendant's negligence and the injury so as to exclude it as a proximate cause thereof; while if it is only a condition on or through which the negligence of defendant operates to produce the injury and merely diverts the effect of defendant's negligence temporarily or merely accelerates the result, it does not exculpate defendant's negligence.

**5. Negligence § 19d—**

Nonsuit on the ground of intervening negligence is proper only when it clearly appears from the evidence, considered in the light most favorable to plaintiff, that the injury complained of was independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person.

**6. Automobiles § 18h (4)—Nonsuit for intervening negligence held properly denied.**

The evidence tended to show that defendant's truck was being operated at an excessive speed under the circumstances and that after a collision with another vehicle it careened into a store by the side of the highway, injuring plaintiffs. *Held:* Nonsuit on the ground of intervening negligence of the driver of the vehicle with which the truck collided was properly denied, since if the excessive speed of the truck was the reason or one of the reasons why it could not be stopped before crashing into the store, then such negligent speed was at least one of the proximate causes of the injuries and the negligence of the operator of the other vehicle was only a contributing or concurring cause.

**7. Automobiles § 18i—**

> An instruction to the effect that the negligence of an independent third party would not insulate defendant's negligence if, in the natural and usual course of events, defendant could have foreseen the act of negligence on the part of such third person, constitutes prejudicial error, since a motorist is never required to foresee or anticipate negligence on the part of other motorists on the highway.

**8. Same—**

> Plaintiff predicated defendant's negligence upon evidence of excessive speed and defective brakes upon defendant's vehicle. *Held:* Defendant was entitled, upon his supporting evidence, to an unqualified instruction that if the jury should fail to find by the greater weight of the evidence that defendant's truck was being operated at excessive speed or without adequate brakes, to answer the issue of negligence in the negative, and an instruction which in each instance qualified a negative finding, in whole or in part, upon a finding that defendant could not have anticipated the negligent act of an independent agency or third party, constitutes prejudicial error.

APPEAL by defendants from *Williams, J.,* September Term, 1950, ALAMANCE.

Civil actions to recover damages for personal injuries, consolidated for trial.

Plaintiffs were in a combination filling station and store located on the north side of Highway 70, about one mile east of Mebane. The trailer-truck belonging to defendants left the highway and crashed into the building, injuring each plaintiff. It was admitted that the defendant Chase was at the time the agent and employee of the corporate defendant.

In the trial below the customary issues were submitted to and answered by the jury in favor of plaintiffs. The court entered judgment on the verdict, and defendants excepted and appealed.

*Bonner D. Sawyer and Allen & Allen for plaintiff appellees.*

*Edwards & Sanders and Cooper, Sanders & Holt for defendant appellants.*

BARNHILL, J. The evidence, considered in the light most favorable to the plaintiffs, tends to establish the following facts: the McBane filling station and store is located about one mile east of Mebane on the north side of Highway 70 and about 85 feet back from the center of the highway; about 3:00 p.m. on the afternoon of 22 January 1949 the defendant Chase was operating a loaded tractor-trailer, going west on Highway 70 between Efland and Mebane; shortly after the truck came over a rise in the road some distance east of the store, witnesses heard the sound of what seemed to be screaming brakes. The truck was trying

to pass a car. The truck cut back behind the car and then bumped into it two or three times. The truck then cut to the right of the road across the shoulder, jumped the road ditch bank about 1½ feet high, went about 200 feet, tore down the corner cedar post of a fence about six or eight inches in diameter, and proceeded on across the store yard about 250 feet further, broke an iron pipe post, knocked down a gas pump, and crashed into the cinder block wall of the store. The truck was eight or ten feet inside the store when it finally stopped. It had been raining off and on all day and was drizzling at the time. The highway was damp and the soil along the road and across the store yard was wet and muddy. Just before the truck reached the point it left the highway, it was traveling at from 55 to 60 m.p.h. From the point the truck left the road to the store was slightly up grade, "a gentle rise." When the truck crashed into the building, each plaintiff was seriously injured.

The defendants' evidence is the same in respect to the general setting of the accident. It tends to show further that the truck, the over-all weight of which exceeded 38,000 pounds, was traveling about 40 m.p.h., or a little more, but under 45 m.p.h., going from New York to Gastonia. A Dodge auto undertook to pass the truck about 250 feet back from the McBane store driveway. It swerved to its right and struck the front portion of the left front wheel of the truck. The truck was "pushed" off the road, the trailer jackknifing and skidding down the highway. Chase, the driver, pulled down the hand valve which controlled the air brakes, trying to straighten the trailer. The air brakes would not work. He then used the foot brakes, but they too were out of order. He tried diligently to control the truck, by the use of the steering wheel, but that would not respond. He next endeavored to turn the truck over on its side so it would not go into the building. He then put the truck in fourth gear (the lowest) to try to slow it down. The truck traveled in the ditch until it hit the driveway to the McBane store and proceeded on and crashed into the building. The brakes of the truck were in good working order just before the collision with the Dodge. An examination after the wreck disclosed that the brake hose was broken off, the steering mechanism was bent, and the tie rod was bent. These damages, which occurred either when the Dodge hit the truck or when the truck hit the road ditch, rendered the brakes and steering gear useless. The front fender of the Dodge was "pushed in, crumpled up . . . dragging the right front wheel." Its left rear wheel had been torn off over the lugs. After collision with the Dodge, the truck buzzer was "going . . . signifying there were no air brakes."

There is evidence that Chase was operating his truck at a speed greater than was reasonable and prudent under the circumstances then existing. The physical facts tends to so show. *Etheridge v. Etheridge,* 222 N.C.

616, 24 S.E. 2d 477; *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88. That he may not have been traveling at a speed in excess of 45 m.p.h. is by no means conclusive. It was drizzling rain and the pavement was wet. The tractor-trailer is a vehicle difficult to control when the trailer begins to skid. It was the duty of Chase to pay due regard to these conditions and the hazards thereby created and to reduce his speed in accord with the requirements of due care under the circumstances then existing. G.S. 20-141; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Allen v. Bottling Co.,* 223 N.C. 118, 25 S.E. 2d 388; *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345; *Rollison v. Hicks, ante,* 99. Thus the issue of negligence was for the jury.

But the defendants rely also on the doctrine of insulated negligence and contend the causes should be dismissed as of nonsuit for that the evidence discloses an independent, intervening, superseding act of negligence on the part of Smith (the driver of the Dodge) which insulates any negligence on the part of the defendants and relieves them from any liability for the resulting injuries.

This contention is untenable. Evidence tending to establish negligence on the part of Smith comes exclusively from the witnesses for defendants. The weight and credibility of the testimony is for the jury.

That there was a collision between the Dodge and the truck is uncontradicted. The conflict in the testimony concerns the exact nature of the collision. Plaintiffs' testimony tends to show that the truck bumped into the rear of the Dodge two or three times before leaving the highway. The defendants offered evidence tending to show that Smith, in attempting to pass the truck, swerved his car to the right and against the left front wheel of the truck.

We may concede that the testimony of defendants correctly portrays the occurrence. Even so, on this record, the conduct of Smith does not, necessarily and as a matter of law, constitute an independent, intervening act of negligence, insulating any negligence of defendants.

An intervening agency may be concurrent, successive, or intervening in its operation, with respect to the negligent act or omission upon which liability is sought to be predicated. *Mahoney v. Beatman,* 147 A. 762, 66 A.L.R. 1121, 38 A.J. 721.

A superseding intervening cause is one which operates, in succession to a prior wrong, as the proximate cause of an injury. 38 A.J. 722. The test of the sufficiency of an intervening cause to defeat recovery for negligence is not to be found in the mere fact of its existence, but rather in its nature and the manner in which it affects the continuity of operation of the primary cause, or the connection between it and the injury. *Sandel v. State,* 104 S.E. 567, 13 A.L.R. 1268, 38 A.J. 722.

Evidence of an independent, negligent act of a third party is directed to the question of proximate cause. *Boyd v. R. R.,* 200 N.C. 324, 156 S.E. 507; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808. To exculpate a negligent defendant the intervening cause must be one which breaks the sequence or causal connection between defendant's negligence and the injury alleged. The superseding act must so intervene as to exclude the negligence of the defendant as one of the proximate causes of the injury. *Butner v. Spease, supra; Hinnant v. R. R.,* 202 N.C. 489, 163 S.E. 555; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Harton v. Telephone Co.,* 141 N.C. 455.

If the intervening cause is in reality only a condition on or through which the negligence of the defendant operates to produce an injurious result, it does not break the line of causation so as to relieve the original wrongdoer from responsibility for the injury. 38 A.J. 723. A superseding cause cannot be predicated on acts which do not affect the final result of negligence otherwise than to divert the effect of the negligence temporarily, or of circumstances which merely accelerate such result. *Hansen v. Clyde,* 56 P. 2d 1366, 104 A.L.R. 943, 38 A.J. 723.

"The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury." *Ry. Co. v. Kellogg,* 94 U.S. 469, 24 L. Ed. 258; *Hardy v. Lumber Co.,* 160 N.C. 113, 75 S.E. 855; *Butner v. Spease, supra.*

A demurrer to the evidence on the grounds that there was an independent act of negligence which intervened and insulated the negligence, if any, of defendant may be sustained only when it clearly appears from the evidence, considered in the light most favorable to plaintiff, that the injury complained of was independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person. *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108.

*Non constat* Chase could not reasonably foresee, and was not required to anticipate, the negligence of Smith, if he was at the time operating his truck without due regard to the conditions then existing and at a speed which, under the circumstances, was not reasonable and prudent, and such unlawful speed was the reason, or one of the reasons, why he could not stop before crashing into the store, then and in that event his negligence constitutes at least one of the proximate causes of the injuries to the plaintiffs. If the jury should so find, then the negligence, if any, of Smith did not break the line of causation, but merely accelerated the result of Chase's negligence. It was only a contributing or concurring cause. *Banks v. Shepard,* 230 N.C. 86, 52 S.E. 2d 215.

The court properly overruled the motions to dismiss as in case of nonsuit.

Riggs *v.* Motor Lines and Breeze *v.* Motor Lines.

After instructing the jury that where two or more persons are using the same highway at the same time "the duty of care is mutual, and each may assume that the other on the highway will comply with the obligation," the court further charged to the effect that "if you are satisfied . . . that the driver of the truck, in the natural and usual course of events, could reasonably have foreseen that the driver of the automobile did or might turn into and collide with the truck," the conduct of the driver of the Dodge would not constitute an independent, intervening cause of the injuries to the plaintiffs. The converse was stated with equal emphasis.

The court then instructed the jury as follows: "So that, Gentlemen, resolves itself into a question of whether or not the driver of the truck . . . might reasonably have foreseen that the driver of the Dodge automobile or any vehicle coming up from the rear would turn the motor vehicle into and strike the truck, thus causing the driver to lose control over it on the highway . . ."

This was an erroneous application of the law. A motorist is never required to foresee or anticipate negligent conduct on the part of other users of the highway. *Cox v. Lee, supra; Holderfield v. Trucking Co.,* 232 N.C. 623, and cases cited.

Since the negligence of a responsible third party, to constitute an intervening cause under the doctrine of insulated negligence, must be palpable and gross, *Herman v. R. R.,* 197 N.C. 718, 150 S.E. 361; *Hinnant v. R. R., supra,*—here "the extraordinarily negligent act of a careless driver," *Powers v. Sternberg, supra,*—and unforeseeable by the author of the primary negligence, *Harton v. Telephone Co., supra; Butner v. Spease, supra,* the error, of necessity, was prejudicial.

If the jury should fail to find by the greater weight of the evidence that Chase was operating the truck without adequate brakes or at a speed greater than was reasonable and prudent under the circumstances then existing, they should answer the first issue "no." The defendants were entitled to an unqualified instruction to that effect as an essential part of the law of the case.

It is true the court instructed the jury a number of times that, upon the findings enumerated, the jury should answer the first issue in the negative. In each instance, however, such answer was made to depend, in whole or in part, upon a finding that Chase could not have reasonably foreseen or anticipated the negligence of Smith, and was couched in language which, seemingly, placed the burden of so showing on defendants. It inadvertently overlooked charging that upon a failure to find negligence on the part of Chase, they should answer the issue in favor of defendants.

For the reasons stated there must be a

New trial.