80 S.E.2d 373 (1954)
239 N.C. 473
BLALOCK
v.
HART et al.
No. 450.
Supreme Court of North Carolina.
February 24, 1954.
*376 Bickett & Banks, Raleigh, for plaintiff-appellant.
Ruark, Ruark & Moore, Raleigh, for defendant Mae B. Ragan, appellee.
McNeill McK. Salmon, Lillington, and F. T. Dupree, Jr., Raleigh, for defendant Julian D. Hart, appellee.
JOHNSON, Justice.
The defendant Ragan's intestate was driving the Oldsmobile. He was on the servient highway as designated by the stop sign. The evidence to the effect that the Oldsmobile was found immediately after the collision in a demolished condition against an oak tree beyond the intersection with the side next to the tree crushed in and the "back part of the car knocked" forward "to within 2 or 3 feet of the steering wheel," when considered with other corroborative proofs, is sufficient, we think, to make out a prima facie case of actionable negligence based on the plaintiff's allegations that Ragan in approaching and entering the intersection ahead of the on-coming car of the defendant Hart, who was on the favored highway, did not give due heed to the stop sign and failed to exercise ordinary care in keeping a lookout and in controlling the movement of his car. G.S. § 20-158; Yost v. Hall, 233 N.C. 463, 64 S.E.2d 554; Cox v. Lee, 230 N.C. 155, 52 S.E.2d 355; Lee v. Robertson Chemical Corp., 229 N.C. 447, 50 S.E.2d 181. It necessarily follows that the court below erred in nonsuiting the case as to the defendant Ragan.
This brings us to the question whether the evidence is sufficient to take the case to the jury as against the defendant Hart, who was on the dominant, through highway.
It is established by our decisions that "the operator of an automobile, traveling upon a designated main traveled or through highway and approaching an intersecting highway, is under no duty to anticipate that the operator of an automobile approaching on such intersecting highway will fail to stop as required by the statute, and, in the absence of anything which gives, or should give notice to the contrary, he will be entitled to assume and to act upon the assumption, even to the last moment, that the operator of the automobile on the intersecting highway will act in obedience to the *377 statute, and stop before entering such designated highway." Hawes v. Atlantic Refining Co., 236 N.C. 643, 650, 74 S.E.2d 17, 21, opinion by Winborne, J. See also Reeves v. Staley, 220 N.C. 573, 18 S.E.2d 239; Johnson v. Bell, 234 N.C. 522, 67 S.E. 2d 658.
However, the driver on a favored highway protected by a statutory stop sign, G.S. § 20-158, does not have the absolute right of way in the sense he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. It is his duty, notwithstanding his favored position, to observe ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered. Hawes v. Atlantic Refining Co., supra; Reeves v. Staley, supra; Cox v. Lee, supra; 5 Am.Jur., Automobiles, Sec. 302; Annotation: 164 A.L.R. 8, p. 16.
In her complaint the plaintiff alleges in substance that the defendant Hart was actionably negligent, in that he (1) drove at an excessive rate of speed in violation of the provisions of the speed statute, G.S. § 20-141, (2) failed to maintain a proper lookout, and (3) did not have his car under proper control.
As tending to support the foregoing allegations, the evidence adduced below discloses that the front part of the Hart car was practically demolished and that the right side of the Oldsmobile, including the frame, was mashed in about two feet. The testimony also discloses that the Hart car made no brake or tire marks before reaching the point of collision. The evidence of these physical facts, together with the further evidence that the Hart car traveled a distance of from 100 to 140 feet beyond the point of impact, bears directly on the question whether the defendant Hart was actionably negligent for failure to comply with legal requirements as to speed, lookout, and control of his car. Yost v. Hall, supra, 233 N.C. 463, 468, 64 S.E.2d 554; Riggs v. Akers Motor Lines, 233 N.C. 160, 63 S.E. 2d 197; Bailey v. Michael, 231 N.C. 404, at page 407, 57 S.E.2d 372; Cox v. Lee, supra, 230 N.C. 155, 52 S.E.2d 355.
This line of evidence, when viewed in its light most favorable to the plaintiff, as is the rule on motion to nonsuit, is sufficient to justify, though not necessarily to impel, the inference of negligence on the part of the defendant Hart as one of the proximate causes of the collision and resultant death of the plaintiff's intestate.
We conclude, therefore, that the evidence is sufficient to carry the case to the jury on the theory of concurrent negligence of both the drivers involved in the collision. See Caulder v. Gresham, 224 N.C. 402, 30 S.E. 2d 312; Bumgardner v. Allison, 238 N.C. 621, 78 S.E.2d 752, and cases there cited.
The judgment below is
Reversed.
BOBBITT, J., took no part in the consideration or decision of this case.