LONNIE B. HOLBROOK v. ALLEN J, PAGE, J. L. LORBACHER, BRUCE JONES and CHARLES G. CHILDRESS.

(Filed 4 February, 1955.)

**Automobiles §§ 18d, 18h (4)—Evidence held sufficient to make out prima facie case of concurrent negligence.**

Plaintiff, a passenger in a car, was injured in a collision between the car and a truck. Plaintiff's evidence *is held* sufficient to support the inferences that the driver of the car was negligent in traveling at a high and unlawful rate of speed along a city street and in failing to exercise due care in keeping a proper lookout, and that the driver of the truck was negligent in that he drove the truck from a private driveway into the street in the nighttime without lights or signal and without exercising due care to maintain a proper lookout, and that the negligence of each united and concurred in producing the collision, and, therefore, motion of one of defendants for involuntary nonsuit was properly denied, notwithstanding his evidence that he was free of negligence or that the negligence of the other driver was the sole cause of the collision.

APPEAL by defendant Childress from *Fountain, Special Judge,* and a jury, April 1954 Civil Term of DURHAM.

Civil action to recover for personal injuries resulting from a collision of two motor vehicles on a street in the city of Durham.

The collision occurred in the nighttime on Angier Avenue near the home of the defendant Childress. The vehicles involved were a Plymouth automobile and a Chevrolet truck. The Plymouth, owned by the defendant Page, was being operated by the defendant Jones, with Page being present therein; the Chevrolet truck, owned by the defendant Lorbacher, was being operated by the defendant Childress. The plaintiff was a passenger, asleep, in the Plymouth. The collision ensued when the defendant Childress operated the truck into the street from a driveway at his house as the Plymouth, traveling eastwardly on Angier Avenue, was approaching and passing the Childress home. The plaintiff instituted the action against the owner and operator of each vehicle on the theory of agency and concurrent negligence of both drivers.

Issues were submitted to and answered by the jury as follows:

"1. Was the defendant Charles G. Childress acting as an agent, servant or employee of the defendant J. L. Lorbacher and about his master's business at the time of and in respect to the injury complained of? Answer: No.

"2. Was the plaintiff injured by the negligence of the defendant Bruce Jones, as alleged in the complaint? Answer: Yes.

"3. Was the plaintiff injured by the negligence of the defendant Charles G. Childress, as alleged in the complaint? Answer: Yes.

"4. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $14,551.00."

From judgment entered upon the verdict, the defendant Childress appealed. He brings forward only the assignment of error relating to the refusal of the court to allow his motion for judgment as of nonsuit.

*Ruark, Young & Moore and Jordan & Wright for Charles G. Childress, defendant, appellant.*

*Allen, Henderson & Williams and White & White for plaintiff, appellee.*

JOHNSON, J. The case involves no new question requiring either a detailed statement of the evidence or an extended discussion of the controlling principles of law.

The evidence on which the plaintiff relies is sufficient to support these inferences: (1) that Jones, the driver of the Plymouth, was negligent in that he was driving along Angier Avenue at a high and unlawful rate of speed and failed to exercise due care in keeping a proper lookout; (2) that Childress was negligent in that he operated the Chevrolet truck from a private driveway into or upon Angier Avenue in the nighttime without

lights or signal and without exercising due care to maintain a proper lookout; and (3) that the collision was the direct and proximate result of the independent, negligent acts or omissions of the defendant Jones and the independent, negligent acts or omissions of the defendant Childress, with the negligence of each driver uniting and concurring and contributing as a proximate cause in producing the collision and the resultant injuries to the plaintiff.

True, the crucial evidence on which the plaintiff relies is sharply contradicted by the evidence of the defendants. And it may be conceded that the evidence on which the defendant Childress relies, omitted here as not being pertinent to decision, was sufficient to have sustained a jury-finding in his favor, either on the ground that he was free of negligence or upon the theory that in any event the negligence of the defendant Jones was the sole proximate cause of the collision. Nevertheless, a study of the record impels the conclusion that the evidence adduced made out a *prima facie* case of actionable negligence against the defendant Childress and also against the defendants Jones and Page on the theory of concurrent negligence, under application of the principles illustrated and explained in the decisions cited in *Bumgardner v. Allison,* 238 N.C. 621, top p. 626, 78 S.E. 2d 752, mid. p. 756. See also *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373.

The court below properly submitted the case to the jury. The verdict and judgment will be upheld.

No error.