DAVID M. CLARK v. DALE EMERSON, G. C. EMERSON AND LEE KIRKMAN.

(Filed 11 January, 1957.)

1. **Automobiles § 25—**

   Excessive speed is negligence.

2. **Automobiles § 7—**

   The operator of a motor vehicle must be reasonably vigilant and anticipate the use of the highways by others, and his failure to maintain a reasonable lookout is negligence.

3. **Automobiles § 21—**

   The failure to use the brakes when such use would prevent a collision is negligence.

4. **Automobiles § 14—**

   A violation of G.S. 20-149(a) in overtaking and passing a motor vehicle is negligence.

5. **Automobiles § 41d—Negligence and proximate cause in hitting parked car held for jury as to driver attempting to pass truck on its right.**

   Plaintiff's evidence tended to show that a tractor-trailer pulled out of a filling station on the east side of the street and turned left, that defendant, traveling south through the green light at an intersection, was confronted with the tractor-trailer in his line of travel, attempted to pass to the right of that vehicle, and collided with defendant's car, which was parked on the west side of the street. The evidence further tended to show that the driver of defendant's vehicle acknowledged he was at fault. *Held:* Under the evidence, whether the collision resulted from excessive

speed of defendant driver, his failure to maintain a proper lookout and apply his brakes after he saw or should have seen the tractor-trailer in his lane of travel, and whether he should have attempted to pass to the left rather than to the right of the tractor-trailer, are for the determination of the jury, and nonsuit was error.

**6. Automobiles § 55—**

A father who keeps a motor vehicle for the use and benefit of his minor son is liable for the negligent operation of the vehicle by his son.

**7. Automobiles §§ 16, 41i—**

Evidence that defendant drove his tractor-trailer into the street from a filling station and turned left into the street directly in the path of a car traveling south at a lawful speed along the street only 200 feet away, so that the driver of the car was forced to turn right and attempt to pass to the right of the tractor-trailer, causing him to collide with a vehicle parked on the west side of the street, *is held* sufficient to overrule motion for nonsuit in an action by the owner of the parked car to recover damages to his vehicle.

**8. Damages § 12: Trial § 23a—**

Failure to prove the monetary loss sustained to plaintiff's property as a result of concurring negligence of defendants does not justify nonsuit but only precludes an award of compensatory damages.

**9. Trial § 22c—**

The credibility of the testimony and the resolution of conflicts therein is not to be determined by the judge.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Sink, E. J.,* July 1956 Term of SURRY.

The complaint alleges that plaintiff's automobile was in a parking zone on the west side of South Main Street in the town of Mount Airy; that it was struck and damaged to the amount of $500 by a pickup truck owned by defendant G. C. Emerson, driven by Dale C. Emerson, minor son of the owner, for whose use and benefit the motor vehicle was kept. The complaint alleges that the automobile was parked in a 35-mile-per-hour speed zone, that it was damaged by the concurrent negligence of defendants Emerson and Kirkman. The allegations of negligence as to the defendants Emerson are: failure of the driver to keep a proper lookout, attempting to pass to the right of another vehicle traveling in the same direction in violation of G.S. 20-149, and reckless driving as defined by G.S. 20-140.

Relating specifically to the defendant Kirkman, the complaint alleges that Kirkman was the owner and operator of a tractor-trailer; that this vehicle came from a filling station on the east side of Main Street and 100 feet north of the point where plaintiff's car was parked and drove to the west side of Main Street in the path of the Emerson

vehicle which he saw approaching and which he knew had the right of way; and that the defendant Kirkman failed to keep a proper lookout and entered the highway in violation of G.S. 20-156(a).

Defendants Emerson answered, admitting all of the allegations in the complaint except the allegations that Dale Emerson was negligent and the allegation as to the amount of damage. They deny that Dale Emerson was negligent in any manner, averring that he was forced to act in an emergency created by the negligent conduct of the defendant Kirkman, and averring that the damage done to plaintiff's automobile when it was struck by the Emerson car amounted to only $250 instead of $500 as alleged by plaintiff.

Defendant Kirkman avers that the speed limit where plaintiff's car was parked was 20 m.p.h. He admits he was the owner and operator of a tractor-trailer which entered Main Street from a filling station located on the east side thereof. He admits plaintiff's automobile was struck and injured by the pickup truck driven by Dale Emerson and all allegations relating to Emerson. He denies that he was negligent in any manner or in any manner responsible for any damage which plaintiff might have sustained.

At the conclusion of plaintiff's evidence, defendants severally moved for judgment of nonsuit. The motions were allowed and plaintiff appeals.

*Foy Clark for plaintiff appellant.*
*Folger & Folger, by Fred Folger, Jr., for defendant appellee Kirkman.*

RODMAN, J. The evidence, when viewed in the most favorable aspect for plaintiff, would permit the jury to find these facts: Main Street in Mount Airy lies in a north-south direction. It is intersected by Wilson Street. The intersection does not form a continuous line. The intersection of West Wilson and Main is north of the intersection of East Wilson and Main Streets. Haymore's Service Station is located at the intersection of Main and East Wilson Streets and on the south side of Wilson Street. Plaintiff's car was parked about 8:15 p.m. on the west side of Main Street, 80 to 100 feet south of the point where East Wilson Street intersects Main Street. It was raining. Street and service station lights were burning. There was a traffic light at the intersection of Main and West Wilson. Dale Emerson, driving his father's pickup truck, was traveling southward on Main Street. Defendant Kirkman, whose truck-trailer loaded with tobacco had been parked in Haymore's Service Station, pulled into Main Street and crossed it to travel in a southerly direction. When Kirkman drove from the filling station to cross Main Street, the Emerson car was plainly visible. It was traveling at a speed estimated at from 20 to 30

m.p.h. It "was close to 100 feet north of the stop light. The pickup truck was approximately 200 feet north of where Mr. Kirkman pulled into South Main Street when I first saw it." The traffic light was green, giving Emerson the right of way at the intersection.

Kirkman entered Main Street at an angle to travel in a southward direction. The tractor portion was in the west lane of the street and the trailer in the east portion of the street. Emerson, in his attempt to avoid a collision with the Kirkman vehicle, pulled to his right and collided with plaintiff's parked car. He did not attempt to apply his brakes. "Dale Emerson acknowledged to the police that the accident was his fault and he would take the responsibility for it." Speed in the area where the collision occurred was, Kirkman alleged, limited to 20 m.p.h.

The only evidence as to damage was: "The whole left side of the plaintiff's car was damaged from the back up to the front part, I don't know how far . . . ." "I went out and looked at my car and found the left rear quarter panel and the left door both damaged." No one placed a monetary value on the damage inflicted.

The foregoing recapitulation of facts which the jury might accept would suffice for it to conclude as to defendant Emerson and as his admissions of fault would indicate (a) that he was driving at an excessive and unreasonable rate of speed; (b) proper attention to the highway should have disclosed the presence of Kirkman's truck in time for him to stop by the application of his brakes; or (c) that Emerson could and should have passed Kirkman's truck on the east or to the left instead of the right as Emerson attempted to do.

Excessive speed is negligence. *Riggs v. Motor Lines,* 233 N.C. 160, 63 S.E. 2d 197; *Rollison v. Hicks,* 233 N.C. 99, 63 S.E. 2d 197; *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345. One who operates a motor vehicle must be reasonably vigilant and anticipate the use of the highways by others. A failure to maintain a reasonable lookout is negligence. *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332; *Hawes v. Refining Co.,* 236 N.C. 643, 74 S.E. 2d 17. Brakes are placed on cars to be used. A failure to use the brakes when such use would prevent a collision is negligence. *Daniel v. Packing Co.,* 215 N.C. 762, 3 S.E. 2d 282. A violation of G.S. 20-149(a) in overtaking and passing a motor vehicle is negligence. *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565. If the jury should conclude that defendant Dale Emerson was negligent in any or all of these respects, it could find that his negligence was the proximate cause of plaintiff's damage. It was for the jury to find the facts and draw the conclusions. If Dale Emerson's negligence was one of the proximate causes of plaintiff's damage, thereby imposing liability on him, liability was also, under the admissions in this case, imposed on G. C. Emerson.

As touching the liability of the defendant Kirkman, it is appropriate to inquire where the Emerson car was when Kirkman drove into the street. The jury might find that Emerson was only 200 feet away and that he was plainly visible, that he had a green light beckoning him on, that he was traveling 30 m.p.h., a lawful speed under existing conditions, that the Kirkman truck was loaded and starting from rest would move slowly across the street and directly into the path of the Emerson car. If the jury should find from the testimony that these are in truth the facts, it could well conclude that a reasonably prudent man would have heeded the statute (G.S. 20-156(a)) and waited the necessary five seconds for Emerson to pass. If impatience caused Kirkman to disregard the statute and venture where a reasonably prudent person would not have gone, he would be negligent and such negligence, if the proximate cause of the injury, would create liability. It was a question for the jury, not the court. *Gantt v. Hobson,* 240 N.C. 426, 82 S.E. 2d 384; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377.

Failure to prove the monetary loss sustained by plaintiff resulting from the collision would prevent the jury from awarding compensatory damages. *Lieb v. Mayer,* 244 N.C. 613. Plaintiff could not, however, be deprived of such damage as he was entitled to by nonsuit. *Hutton v. Cook,* 173 N.C. 496, 92 S.E. 355.

What credit the jury will give to the evidence and how it will resolve the conflicts in the testimony is not to be determined by the judge.

New trial.

JOHNSON, J., not sitting.