MENER LEE MOODY, BY HER NEXT FRIEND, WALTER CLYDE MOODY, v. RUDELL W. MASSEY AND JAMES REVELL.

(Filed 30 April, 1958.)

**Automobiles § 43—**

In this action by a passenger in one car against the drivers of both cars involved in a collision at an intersection, the evidence *is held* sufficient to be submitted to the jury on the theory of the concurrent negligence of both drivers, and motion to nonsuit made by one of them on the ground that any negligence on his part was insulated by the negligence of the other, was properly refused.

APPEAL by defendant Massey from *Sharp, J.,* and a jury, at 18 November Civil Term, 1957, of WAKE.

Civil action by plaintiff to recover damages for personal injuries resulting from an intersection collision.

The collision occurred about 12 miles west of Rocky Mount where Highway #95 is intersected by a county road. The defendant Massey

was going east on Highway #95; the defendant Revell north on the county road. Both roads are paved. Stop signs at the intersection made Highway #95 the dominant, through highway, and the county road the servient road. Therefore, as the two vehicles approached the intersection, the car driven by the defendant Massey was on the favored highway as designated by the stop signs. The plaintiff was a passenger in the Massey car. The case was tried upon the following issues, answered by the jury as indicated:

"1. Was the plaintiff injured and damaged by the negligence of defendant Rudell W. Massey, as alleged in the Complaint?

Answer: Yes.

"2. Was the plaintiff injured and damaged by the negligence of defendant James Revell, as alleged in the Complaint?

Answer: Yes.

"3. What amount, if any, is the plaintiff entitled to recover?

Answer: $3,844.00."

From judgment upon the verdict against both defendants, the defendant Massey appeals.

*Bunn & Bunn for the plaintiff.*

*Clem B. Holding for the defendant Massey.*

PER CURIAM. The single question presented by the appeal is whether the trial court erred in denying the defendant Massey's motion for judgment as of nonsuit. His chief contention is that the evidence discloses that any negligence chargeable to him was insulated as a matter of law by the intervening negligence of the defendant Revell. However, our study of the record leaves the impression the evidence was susceptible of diverse inferences and that there was plenary evidence of actionable negligence as to both defendants. We conclude that the trial court properly submitted the case to the jury on the theory of concurrent negligence of both drivers. The verdict and judgment will be upheld. See *Blalock v. Hart.* 239 N.C. 475, 80 S.E. 2d 373; *Hawes v. Refining Co.*, 236 N.C. 643, 74 S.E. 2d 17.

No Error.