BETTY ANN STOCKWELL, MINOR, BY HER NEXT FRIEND, GEORGE E. STOCKWELL, v. GEORGE EDISON BROWN, ORIGINAL DEFENDANT, AND HERBERT RUSSELL YORK, ADDITIONAL DEFENDANT.

(Filed 10 May, 1961.)

**1. Automobiles § 41g—**

   Evidence tending to show that defendant, travelling along a dominant highway, approached an intersection with a dirt road at a speed of 60 to 70 miles per hour, that he did not see a car approaching from the opposite direction until after he had struck a car entering the intersection from his right and had been forced or knocked to his left in the path of the oncoming vehicle, is *held* sufficient to be submitted to the jury on the issue of such defendant's actionable negligence. G.S. 20-141(c) and G.S. 20-140.

**2. Automobiles § 6—**

   The standards of care prescribed by statute for the operation of motor vehicles on the State highways are absolute.

**3. Automobiles § 17—**

   A motorist travelling a dominant highway does not have such absolute

right-of-way that he is not bound to exercise due care in regard to traffic on the servient highway, but notwithstanding his right-of-way is under duty to drive at a speed no greater than is reasonable and prudent under the conditions then existing, to keep his vehicle under control, to keep a reasonably careful lookout, and to take such action as an ordinarily prudent person would take to avoid collision when danger of such collision is discovered or should be discovered.

**4. Negligence § 8—**

Insulating negligence relates to proximate cause, and in order to insulate the negligence of one party, the intervening negligence of another must be such as to break the sequence or causal connection between the negligence of the first party and the injury, so as to exclude the negligence of the first party as one of the proximate causes of the injury.

**5. Automobiles § 43— Evidence held not to warrant nonsuit on the ground of insulating negligence.**

Evidence tending to show that the driver of a vehicle along a dominant highway was negligent in travelling at a speed which was excessive under the circumstances and in failing to maintain a proper lookout for oncoming traffic, that he saw a vehicle approaching from the intersecting servient highway, that he believed the driver thereof intended to turn right and that he saw that this driver did not look in his direction, but that he nevertheless continued on into the intersection without slackening his speed, that he struck the side of the vehicle entering the intersection from the servient highway and was forced or knocked into the path of plaintiff's vehicle, which was approaching from the opposite direction, *is held* not to warrant nonsuit on the ground of insulating negligence, since the evidence discloses that the negligence of the driver along the servient highway merely accelerated the result of the negligence of the driver along the dominant highway.

**6. Appeal and Error § 41—**

The admission of evidence over objections cannot be held prejudicial when testimony of the same import had theretofore been admitted without objection.

APPEAL by original defendant George Edison Brown from *Preyer, J.,* 28 November 1960 Term of RANDOLPH.

Civil action to recover damages for personal injuries allegedly caused by the actionable negligence of the original defendant George Edison Brown.

Defendant Brown in his answer denied that he was negligent, and alleged that if he was negligent, his negligence was insulated by the independent intervening negligence of one Herbert Russell York. And as a cross action against York, Brown alleged that York was negligent in the operation of his automobile, and that if he, Brown, was negli-

gent, then the negligence of both concurred in proximately causing plaintiff's injuries, and he prayed that York be made a party defendant by virtue of G.S. 1-240 to enforce from him contribution. Brown does not plead any contributory negligence on the part of plaintiff.

The court, pursuant to G.S. 1-240, duly entered an order making York an additional defendant. Process was properly served on York on 25 June 1960. York filed no pleading.

The jury found by its verdict that plaintiff was injured by the negligence of the original defendant Brown, that she is entitled to recover $7,500.00 as damages, and that the additional defendant York by his concurrent negligence contributed to plaintiff's injuries.

Plaintiff at the suggestion of the court agreed to a remittitur in the verdict in the amount of $3,000.00. Whereupon, the court entered judgment that plaintiff recover from the original defendant Brown the sum of $4,500.00 with costs, and that the original defendant Brown recover from the additional defendant York the sum of $2,250.00 with one-half of the costs as contribution by virtue of G.S. 1-240.

From the judgment, the original defendant Brown appeals.

*Miller and Beck By: Adam W. Beck for plaintiff, appellee.*
*Coltrane and Gavin By: T. Worth Coltrane for defendant, appellant.*

PARKER, J.  Plaintiff and the original defendant Brown offered evidence. The additional defendant York offered no evidence, nor is there anything in the record to indicate that he appeared at the trial.

Defendant Brown assigns as error the denial of his motion for judgment of involuntary nonsuit renewed at the close of all the evidence.

The evidence of plaintiff considered in the light most favorable to her, and a consideration of defendant Brown's evidence favorable to her, or which tends to clarify or explain her evidence not inconsistent therewith, and ignoring his evidence which tends to establish a different state of facts or which tends to contradict or impeach evidence presented by her (*Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1, and cases there cited) shows the following facts:

Rawley Farm Road is a main highway running east and west with pavement 21 feet wide, with dirt shoulders on each side 6 feet wide, and with a center line on the pavement. It is crossed at right angles by Highland Avenue Extension, a dirt road running north and south. There is a highway Stop sign on a post facing Highland Avenue Extension near the southeast corner of the intersection. At this point Rawley Farm Road is fairly straight with an upgrade past the intersection going west.

About 3:30 o'clock p.m. on 17 August 1959 plaintiff Betty Ann Stockwell was driving her mother's automobile west on Rawley Farm Road, and was approaching its intersection with Highland Avenue Extension. Victoria Anne Steele was riding with her as a passenger. When plaintiff travelling at a speed of 35 to 40 miles an hour was about 200 feet from the intersection, she saw an automobile driven by the additional defendant York travelling north on Highland Avenue Extension come to a complete stop near the intersection, and then start into the intersection. When about two-thirds of the York automobile had entered the intersection, she saw an automobile driven by defendant Brown in an easterly direction on Rawley Farm Road about two to three hundred feet from the intersection, and approaching it at a speed of 60 to 70 miles an hour. When defendant Brown entered the intersection, he turned his automobile toward the left in front of the York automobile, and had a head-on collision with plaintiff's automobile on her side of the road as she was entering the intersection. Then the York automobile collided with the Brown automobile.

The evidence of defendant Brown favorable to plaintiff is as follows: He drove on the Rawley Farm Road nearly every day, and was familiar with this intersection. Approaching this intersection on Rawley Farm Road from the west, the intersection can be seen 100 to 125 feet before it is reached. He noticed the York automobile on Highland Avenue Extension approaching the intersection. York kept coming, and Brown tooted his horn. York never did stop coming down the road to the intersection. He believed York intended to make a right turn. York never looked at him, and he thought he had better be stopping. He did not get quite stopped. As he entered the intersection on his side of the road, the right front fender of his automobile and York's left front fender collided, throwing his automobile to the left and York's automobile to the right. He though he was lucky until he glanced up, and saw plaintiff's automobile in front of him, and then they collided.

Thomas Routh, a passenger in Brown's automobile and a witness for him, testified, "the York car was out in the intersection about three feet at the time of the collision."

This evidence tends to show that defendant Brown was guilty of negligence in not decreasing speed when approaching and entering this intersection at a speed of 60 to 70 miles an hour in violation of G.S. 20-141(c). It also tends to show that he was guilty of negligence in failing to keep a proper lookout for approaching traffic, in that he did not see plaintiff's automobile until almost the moment of impact. *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330. It further tends to show that Brown was negligent in the operation of his automobile in driving

it upon the highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property in violation of G.S. 20-140. *Crotts v. Transportation Co.*, 246 N.C. 420, 98 S.E. 2d 502. Our statutes regulating the operation of motor vehicles on the highways of the State prescribe a standard of care, "and the standard fixed by the Legislature is absolute." *Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331.

A consideration of defendant Brown's testimony to the effect that York's automobile kept coming down the road into the intersection, that he believed York intended to make a right turn, and that York did not look in his direction, did not permit Brown to assume that York would comply with the rules of traffic and stop at the intersection, and act with due regard for his own safety, as contended by him.

What is said in *Blalock v. Hart*, 239 N.C. 475, 80 S.E. 2d 373, is applicable to defendant Brown here: "The driver on a favored highway protected by a statutory stop sign (G.S. 20-158) does not have the absolute right of way in the sense he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. It is his duty, notwithstanding his favored position, to observe ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger or such collision is discovered or should have been discovered."

Defendant Brown contends that even if he was negligent, his motion for judgment of involuntary nonsuit should have been allowed for the reason that his negligence was insulated by the new, independent and intervening negligence of the additional defendant York.

Evidence of an independent, negligent act of a third party is directed to the question of proximate cause. *Boyd v. R. R.*, 200 N.C. 324, 156 S.E. 507; *Butner v. Spease*, 217 N.C. 82, 6 SE. 2d 808.

The Court said in *Riggs v. Motor Lines*, 233 N.C. 160, 63 S.E. 2d 197: "To exculpate a negligent defendant the intervening cause must be one which breaks the sequence or causal connection between defendant's negligence and the injury alleged. The superseding act must so intervene as to exclude the negligence of the defendant as one of

the proximate causes of the injury. Citing authority. If the intervening cause is in reality only a condition on or through which the negligence of the defendant operates to produce an injurious result, it does not break the line of causation so as to relieve the original wrongdoer from responsibility for the injury."

Considering the above evidence in the light most favorable to plaintiff, it would permit a jury to find that the negligence of York did not break the line of causation between Brown's negligence and plaintiff's injuries, but merely accelerated the result of Brown's negligence as a contributing or concurring cause, and that Brown's negligence constituted at least one of the proximate causes of the injury to plaintiff. *Riggs v. Motor Lines, supra.* The trial court properly denied defendant Brown's motion for judgment of involuntary nonsuit made at the close of all the evidence.

After the collision plaintiff's mind was a complete blank for two weeks. In the collision she sustained a brain concussion, a broken knee, and cuts and bruises. She can't wear anything across her knee because it hurts. She is not able to wear hose. *There is a chipped bone in her knee which needs to be filed down.* At this point in her testimony she was asked by her counsel whether or not it will be necessary to have an operation on her leg. Defendant Brown objected, his objection was overruled, and he excepted. She replied: "Not necessary, but if I want to wear hose, it is." Defendant Brown assigns as error the admission of her answer. Her preceding testimony given without objection is substantially the same as the testimony challenged. We conclude that prejudicial error is not shown, and this assignment of error is overruled.

Defendant Brown has no assignments of error to the charge. His other assignments of error as to the denial of his motion to set the verdict aside as being against the greater weight of the evidence, and as being excessive, and to the signing of the judgment are without merit, and are overruled.

In the trial below we find

No error.