ALICE G. SCARLETTE v. EVERETTE GRINDSTAFF, CHARLES WHITNEY, AND KENNETH SCARLETTE.

(Filed 21 November 1962.)

1. **Automobiles § 7—**

   A motorist is required to exercise reasonable care to avoid injury to persons or property, and when the failure to observe such care is the proximate cause of injury, liability attaches.

2. **Automobiles § 23.1—**

   Where one automobile tows another on the highway, the operator of each vehicle is under duty to exercise more than ordinary alertness and caution.

3. **Automobiles § 41u— Evidence of negligence of each driver involved in towing operation held for jury.**

   In an action by a passenger in a towed vehicle, evidence that one car towed the other by chain, leaving the cars some five feet apart when the chain was taut, that the respective operators of the vehicles agreed that the operator of the towing vehicle should give a specified signal before reducing speed, that the vehicles traveled some 75 miles without accident, the operator of the towing vehicle slowing down each time before entering upon a bridge, that thereafter, in approaching a bridge at the end of a curve to the left, the operator of the towing vehicle suddenly slowed down without giving the signal and the operator of the towed vehicle, to avoid collision, swerved to his right into the bridge abutment, *is held* sufficient to be submitted to the jury on the issue of negligence of the operator of the towing vehicle in failing to give the signal, and on the issue of the negligence of the operator of the towed vehicle in failing to keep a proper lookout and control his vehicle when he saw or should have seen the bridge and should have anticipated that the other driver would slow down before entering thereon.

4. **Automobiles § 49—**

   The evidence tended to show that plaintiff with her three small children were riding in a car driven by plaintiff's husband on a long trip, that in returning home the car had motor trouble and the driver of another car undertook to tow the disabled car. *Held:* Whether plaintiff

was contributorily negligent in riding in the towed vehicle is a question for the jury to be determined in the light of plaintiff's situation, and plaintiff cannot be held contributorily negligent as a matter of law.

APPEALS by defendants Whitney and Scarlette from *Shaw, J.* February 1962 Civil Term of DAVIDSON.

Plaintiff, wife of defendant Scarlette and a passenger in his automobile, sought and was awarded compensation for injuries negligently inflicted when the car in which she was riding collided with the abutment on the bridge spanning Yadkin River on U.S. 64.

Plaintiff, her husband, their three infant children, and another had visited plaintiff's mother near Bakersville; defendant Whitney and his family had done likewise. The two families were returning to their homes in Thomasville when Scarlette had motor trouble just east of Marion. Whitney, driving a car owned by defendant Grindstaff and loaned for the trip, had been following Scarlette and offered to tow the Scarlette car to Thomasville. Scarlette furnished a chain about eight feet long, tied to the left rear bumper of the Whitney car and to the left front bumper of the Scarlette car. When the chain was taut, the two cars were about five or six feet apart.

Plaintiff alleged that Whitney failed to give signals as agreed; each driver neglected to keep a proper lookout; each failed to keep his automobile under adequate and proper control; her injuries were due to the joint and concurrent negligence of defendants Whitney and Scarlette; defendant Grindstaff was liable for the negligence of his agent, Whitney.

Defendants denied the asserted negligence, pleaded contributory negligence of plaintiff in riding in the Scarlette automobile with knowledge of the manner in which it was being towed and operated. Grindstaff denied that he was in any event liable.

At the conclusion of the evidence, Grindstaff's motion for nonsuit was allowed. The usual issues of negligence, contributory negligence, and damages were submitted to the jury. The jury answered the issues relating to the negligence of defendants Whitney and Scarlette in the affirmative. It answered the issue of contributory negligence in the negative. It fixed compensation due plaintiff. Judgment was entered on the verdict. Defendants Whitney and Scarlette appealed.

*W. H. Steed for plaintiff appellee.*

*Jordan, Wright, Henson & Nichols by Charles E. Nichols and G. Marlin Evans, for defendant Whitney.*

*Walser & Brinkley by Walter F. Brinkley for defendant Scarlette.*

SCARLETTE *v.* GRINDSTAFF.

RODMAN, J. Each defendant assigns a single error—the refusal to allow his motion to nonsuit. Each asserts the evidence is insufficient to establish his negligence. Each asserts the evidence establishes as a matter of law plaintiff's contributory negligence barring recovery.

The evidence would permit a jury to find these facts: The drivers agreed before the towing started that Whitney would warn Scarlette before Whitney reduced his speed. The agreed warning signal was the waving of a hand extended out of the window. Additionally Scarlette would be warned by the brake lights when pressure was applied to the brake pedal of the Whitney car. The towing operation had covered seventy-five miles or more before the accident occurred. The cars traveled at a maximum speed of 40 to 45 m.p.h. They passed over several bridges before reaching the Yadkin. Whitney always slowed down in approaching and crossing a bridge. Traveling eastwardly, as the cars were, there is a crest to a hill and then a decline to the bridge seventy-five to a hundred feet from the bridge there is a thirty-degree curve to the left. The paved portion of the highway is slightly wider than the bridge. As the cars approached the bridge, a truck, going west, was crossing the bridge. When within a few feet of the bridge, Whitney abruptly slowed his car without giving the agreed hand signal. Scarlette swerved his car and struck the side of the bridge. This collision caused plaintiff's injuries.

Every operator of a motor vehicle is required to exercise reasonable care to avoid injury to persons or property of another G.S. 20-140. A failure to so operate proximately resulting in injury to another gives rise to a cause of action. *Black v. Milling Co.,* 257 N.C. 730; *Funeral Service v. Coach Lines,* 248 N.C. 146, 102 S.E. 2d 816; *Tatem v. Tatem,* 245 N.C. 587, 96 S.E. 2d 725; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355.

Undoubtedly the parties recognized towing the Scarlette vehicle in the manner described on much-traveled highways, U.S. 40 and 64, was not a normal operation. It called for more than ordinary alertness and caution on the part of each driver. 5A Am. Jur., Automobiles and Highway Traffic, s. 424. The Scarlette car was measurably under the control of the Whitney car. In recognition of that fact, the drivers agreed upon a system of signals to be given by Whitney which would permit Scarlette to conform his operation to the movement of the towing car. The evidence is sufficient to warrant a finding that Whitney failed to give the agreed signal, and this failure was one of the causes of the collision.

The agreement with respect to signals did not, however, relieve Scarlette of his duty of keeping a proper lookout and controlling the movement of his car as best he could to avoid hazards which he observ-

ed or should have observed. *Rhyne v. Bailey*, 254 N.C. 467, 119 S.E. 2d 385; *Currin v. Williams*, 248 N.C. 32, 102 S.E. 2d 455; *Clark v. Emerson*, 245 N.C. 387, 95 S.E. 2d 880.

Whitney had invariably reduced his speed in approaching and crossing bridges before reaching the Yadkin. Scarlette was aware of that fact. Scarlette knew, when they approached the Yadkin, he was not far from his home and knew the conditions existing at the river crossing. He saw or should have seen the sharp curve to the left with the descending road and trucks meeting them. Knowledge of these facts should have warned him Whitney would be compelled to suddenly apply his brakes because he could not safely enter the bridge at a speed of 40 to 45 m.p.h. Was he as alert as he should have been under the existing conditions? The jury could well find that he was not.

The court properly submitted separate issues with respect to the negligence of defendants Whitney and Scarlette.

Does the evidence compel the conclusion that plaintiff was negligent? The answer is no. Whether she acted with reasonable prudence in riding in the towed vehicle was a question for the jury. Plaintiff's situation was properly a matter for the jury to consider in arriving at the answer. She was on the highway with three children, the oldest only six years of age. It does not appear what experience, if any, she had in operating automobiles. What was there to compel her to conclude that the operation could not be made in safety if each driver was cautious? Two stops were made in the seventy-five miles that the Scarlette vehicle was towed. One of these stops was for lunch, the other for gas. The jury might, but the court could not as a matter of law, say that plaintiff negligently contributed to her injuries. *Smith v. Stepp*, 257 N.C. 422; *Dinkins v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543.

Affirmed.