DON R. SMITH, BY HIS NEXT FRIEND, PANSY S. SMITH v. MELVIN C. NUNN, T/A LIBERTY FARMS AND GARDENS, AND DEARL F. LOVE.

(Filed 2 May 1962.)

**Automobiles §§ 41e, 42e—**

Evidence tending to show that a truck was stopped at night without lights opposite the driveway of the truck owner, blocking both lanes of the highway, that two cars, both with lights on, were being driven at speeds of 55 to 60 miles per hour along the highway, the one closely following the other, that the driver of the first car passed the truck by driving to the right on the shoulder of the road, and that the following car crashed into the rear of the truck, *is held* to raise the issue of the negligence of the operator of the truck for the determination of the jury, G.S. 20-129, G.S. 20-156, and not to show contributory negligence as a matter of law on the part of the driver of the following car.

APPEAL by plaintiff from judgment of nonsuit entered by *Walker, S.J.,* at the September 1961 Civil Term, RANDOLPH Superior Court.

Civil action to recover for personal injury the plaintiff, by his next friend, alleged he sustained as a result of a collision between his 1960 Chevrolet and a 1956 Ford truck owned by the defendant Melvin C. Nunn and operated by the defendant Dearl F. Love. The accident oc-

curred about 6:45 on the morning of December 19, 1960, on N. C. Highway 49 near Liberty, in Randolph County.

The defendants filed separate answers, denied negligence on the part of Love, and alleged that the plaintiff was engaged in a speed or racing contest, was following too closely to the vehicle in front, and his negligence, in fact, caused the collision. The defendant Nunn filed a counterclaim for damages to the truck.

The plaintiff was severely injured. He has no recollection of the accident. His witness, Ferree, however, testified the accident occurred about 40 minutes before sunrise. Ferree was driving in front. Smith was following, about four or five car lengths behind. Both the witness and Smith were driving with lights; Smith's were on low beam. "I was driving between 55 and 60. Don (Smith) was driving the same speed. . . . Highway 49 . . . is paved and approximately 22 feet in width. . . . I was about 100 feet away from the truck when I first saw it. It was sitting diagonally across the highway; had both lanes blocked. There was more of the truck in the left lane going north. I didn't see any lights on the truck. I was proceeding northward."

After he saw the truck which was opposite the driveway into the defendant Nunn's farm, Ferree turned to the right on the shoulder of the road, missed the truck but hit a power pole before he was able to get back in the highway. Smith crashed into the rear of the truck, receiving serious injuries. The defendant Love was in the truck. Nunn admitted ownership of the truck and the agency of Love.

At the close of the plaintiff's evidence, the court entered judgment of compulsory nonsuit. The plaintiff appealed.

*Ottway Burton, Linwood T. Peoples for plaintiff appellant.*
*Coltrane and Gavin, By: W. E. Gavin for defendants, appellees.*

HIGGINS, J. The evidence presents an issue, only in minor degree, variant from what has become a familiar motif. Whose fault? Ordinarily, parking on the highway without lights 40 minutes before sunrise is unlawful. G.S. 20-129; *Williamson v. Varner,* 252 N.C. 446, 114 S.E. 2d 92. Before entering a public highway from a private driveway, the operator of a motor vehicle is required to exercise due care to see that the intended movement can be made in safety. G.S. 20-156.

The plaintiff's evidence presents a jury question as to the defendant's negligence in parking upon or entering the highway. Contributory negligence does not appear as a matter of law, though the evidence of speed and following too close to the vehicle in front does likewise present an issue for the jury. *Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184.

The judgment of nonsuit is
Reversed.