ERTLE OXENDINE, by his Next Friend, PEARL OXENDINE v.
BRONFORD LOWRY.

(Filed 19 December 1963.)

### 1. Trial § 21—

On motion to nonsuit, plaintiff's evidence will be considered in the light most favorable to him, giving him the benefit of every reasonable inference to be drawn therefrom, and so much of defendant's evidence as is favorable to plaintiff may also be considered.

### 2. Automobiles § 41s—

Evidence favorable to plaintiff which tends to show that plaintiff was riding his bicycle on the right side of the highway, that the bicycle was equipped with a reflector on the rear as required by G.S. 20-129(e), and that plaintiff was struck from the rear by the automobile driven by defendant, who had drunk some beer and was traveling at excessive speed and rammed the bicycle without slackening speed or sounding his horn, etc., *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

### 3. Negligence § 7—

Only negligence which constitutes a proximate cause of injury is of legal import, either on the issue of negligence or the issue of contributory negligence.

### 4. Evidence § 3—

The courts will take judicial notice of the fact that in this State 8:15 p.m. on June 4 is more than a half hour after sunset.

### 5. Automobiles § 11—

The statutory provisions prescribing lighting devices to be used at night on vehicles, including bicycles, were enacted in the interest of public safety, and the violation of the statutory provisions is negligence *per se.* G.S. 20-129(e), G.S. 20-38(ff).

### 6. Negligence § 7—

Ordinarily, the question of proximate cause is for the determination of the jury and it is only when the facts are all admitted and only one inference may be drawn from them that the court may declare whether an act was a proximate cause of an injury or not.

### 7. Automobiles § 42m—    Absence of front bicycle lamp held not proximate cause or contributing cause to collision from the rear.

Where plaintiff's evidence fails to show that his bicycle was equipped with a lighted lamp on the front thereof as required by statute, but does show that he had a reflecting mirror on its rear as required by the statute, G.S. 20-129(e), and that plaintiff's bicycle was hit from the rear by a car operated by defendant, and there is no evidence in the record that if the bicycle had been equipped with a front lamp the lamp would have been visible to a person approaching in an automobile from the rear of the bicycle, *held* the only legitimate inference is that the absence of a lighted

lamp on the front of the bicycle was not a proximate cause or a contributing proximate cause of the collision, and the court may properly charge the jury to this effect.

APPEAL by defendant Bronford Lowry from *McKinnon, J.,* February-March 1963 Civil Session of ROBESON.

Civil action to recover damages for personal injuries sustained by a sixteen-year-old boy, when the bicycle he was riding on a highway at night was struck from the rear by an automobile owned by and registered in the name of Hazel Lowry Cribb, and driven by her brother Bronford Lowry.

Plaintiff's evidence considered in the light most favorable to him shows the following facts: At the scene of the tragedy hereinafter set forth Rural Paved Road #1513 is a level, straight paved road for a mile or more with pavement about 18 feet wide and with dirt shoulders on each side of the pavement. It runs in a generally northwest to southeast direction, and is known as the Buie-Lumberton public highway. About 8:15 p.m. on 4 June 1961, five boys were riding bicycles on the dirt shoulder or pavement of this road in a southeasterly direction toward Lumberton as follows: Ronson Lowry, eight years old and a son of Bronford Lowry, was riding in front on the right dirt shoulder; behind him on the right dirt shoulder was his brother Kenneth Lowry, thirteen years old; behind him on the right dirt shoulder was Bob Allen Wilkins, fifteen years old; behind him on the right-hand edge of the pavement about six inches from the dirt shoulder was the plaintiff; and about five yards behind him to his left and closer to the center line of the road was Scotty Jones, fourteen years old and a son of Hazel Lowry Cribb. All five of the bicycles had red reflectors on them. Plaintiff's bicycle had a red reflector about two inches wide on the rear fender visible under normal atmospheric conditions from a distance of more than two hundred feet to the rear of the bicycle, when used at night. His grandmother Pearl Oxendine testified: "He would ride the bicycle ahead of the car on the way back (from a church revival), and I could see the reflector for about 500 yards * * *." His bicycle also had on it "spinners with reflector on the front." It did not have a lighted lamp on the front as required by G.S. 20-129(e).

Some distance ahead of these boys was a truck in the opposite lane of the highway, standing in front of a house, with its bright lights burning. Approaching these boys from behind and overtaking them was an automobile owned by and registered in the name of Hazel Lowry Cribb, and driven by her brother Bronford Lowry at a speed of 60 to 65 miles an hour. Without slacking speed this automobile struck

OXENDINE *v.* LOWRY.

Scotty Jones and his bicycle and plaintiff and his bicycle. After hitting these two boys Bronford Lowry "slammed" on his brakes, stopped, and came back to the scene of the collision. In the collision Scotty Jones was killed, and plaintiff was grievously injured. One of the struck bicycles or both hit Bob Allen Wilkins and the two Lowry boys and knocked them in a ditch. E. J. Cummings, an eye witness, testified "the automobile did not give any kind of signal" before it struck the boys. When Bronford Lowry returned to the scene, he said "he couldn't see the boys, the lights were blinding him"—the lights of the parked truck.

Plaintiff did not know what had hit him. He testified: "Before I was hit in the back I didn't hear any car horn or warning from behind me, observed no flash of lights or blinking of lights or anything of that sort."

Appellant's evidence favorable to plaintiff is as follows: Tracy Bullard, a State patrolman and a witness for appellant, went to the scene and talked with Bronford Lowry, that Lowry appeared to be drinking and told him he drank two or three or four beers that day, and the last beer he drank was around 3:30 p.m. Appellant testified he does not wear glasses, that he cannot see out of his right eye as good as out of his left eye, and that the vision of his right eye is 25/100 and of his left eye 20/20.

Defendant's evidence in substance is as follows: The scene of the tragedy was open country. He was traveling 35 or 40 miles an hour on the right-hand side of the road. That none of the five bicycles was equipped with a lamp or reflector as required by G.S. 20-129(e). The patrolman carefully examined the bicycles at the scene and saw no evidence of reflectors or lamps on any of the bicycles. When he saw the bright lights of the truck ahead of him, he began slowing down. He saw nothing in front of him on the road. He was blinded for a minute when this truck was about 100 yards from him, and when so blinded he heard something hit his car. He stopped, turned around, and came back. He was not under the influence of the beer he had drunk earlier in the day.

The jury found by its verdict that plaintiff was injured by the negligence of Bronford Lowry as alleged in the complaint, that plaintiff did not contribute to his injuries as alleged in the answer, and awarded him damages in the amount of $5,000.

From a judgment that plaintiff recover $5,000, with his costs, from Bronford Lowry, he appeals.

*Ellis E. Page for defendant appellant.*
*McLean & Stacy for plaintiff appellee.*

PARKER, J.   Defendant offered evidence. Considering plaintiff's evidence in the light most favorable to him and giving him the benefit of every reasonable inference to be drawn therefrom, and considering so much of defendant's evidence as is favorable to him, the court properly submitted the case to the jury, and defendant's assignment of error to the court's denial of his motion for judgment of compulsory nonsuit made at the close of all the evidence is overruled. G.S. 1-183; *Rosser v. Smith, ante,* 647, 133 S.E. 2d 499.

Defendant in his answer alleged a conditional plea of contributory negligence on plaintiff's part to bar recovery. Among the various acts of alleged negligence by plaintiff, which defendant avers contributed proximately to his injuries, is the allegation that plaintiff was negligent in operating his bicycle in the nighttime and more than a half hour after sunset on Rural Paved Road #1513 without having his bicycle equipped with a lighted lamp on the front thereof, visible under normal atmospheric conditions from a distance of at least three hundred feet in front of his bicycle, and without having his bicycle equipped with a reflex mirror or lamp on the rear, exhibiting a red light visible under like conditions from a distance of at least two hundred feet to the rear of such bicycle, in violation of G.S. 20-129(e).

Plaintiff's evidence shows that on this occasion his bicycle was not equipped with a lighted lamp on the front thereof when he was struck.

The court in its charge in respect to the second issue of contributory negligence of plaintiff stated *ipsissimis verbis* G.S. 20-129(e), and immediately thereafter charged the jury as follows, which appellant assigns as error:

> "And so that statute requires that a bicycle when used or operated at night, shall have a lighted light on the front, visible under normal atmospheric conditions, from a distance of at least 300 feet in front of the bicycle. With respect to that portion, gentlemen, and I understand it is admitted by plaintiff in his testimony that he had no lighted lamp upon the front of his bicycle, and I instruct you that the provision respecting a front lamp on a bicycle, is designed for the benefit of those approaching a bicycle from the front, for the protection of the cyclist from such. It does not require a light of such intensity as to render objects visible along the highway in front of a bicycle, and the violation of the statute in respect to failing to have a headlight as required by the law, I instruct as a matter of law would not be a proximate cause of a collision resulting from plaintiff being struck in the rear, as alleged in this action."

It is a fundamental principle that the only negligence of legal importance is negligence which proximately causes or contributes to the injury under judicial investigation. *McNair v. Richardson,* 244 N.C. 65, 92 S.E. 2d 459; *Cox v. Freight Lines* and *Matthews v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25; *Smith v. Whitley,* 223 N.C. 534, 27 S.E. 2d 442; *Byrd v. Express Co.,* 139 N.C. 273, 51 S.E. 851.

We take judicial notice of the fact that in North Carolina about 8:15 p.m. on 4 June 1961 was within the period of time from a half hour after sunset to a half hour before sunrise. *Weavil v. Myers,* 243 N.C. 386, 90 S.E. 2d 733; 31 C.J.S., Evidence, p. 700.

Under G.S. 20-38 (ff) of our Motor Vehicles Act, bicycles are "deemed vehicles, and every rider of a bicycle upon a highway shall be subject to the provisions of this article applicable to the driver of a vehicle except those which by their nature can have no application." *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565; *Van Dyke v. Atlantic Greyhound Corp.,* 218 N.C. 283, 10 S.E. 2d 727.

"The statutes prescribing lighting devices to be used by motor vehicles operating at night (G.S. 20-129 and 129.1) were enacted in the interest of public safety. *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916. A violation of these statutes constitutes negligence as a matter of law." *Scarborough v. Ingram,* 256 N.C. 87, 122 S.E. 2d 798.

What is the proximate cause of an injury is ordinarily a question to be determined by the jury as a fact in view of the attendant circumstances. *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431; *Hoke v. Atlantic Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345. When more than one legitimate inference can be drawn from the evidence, the question of proximate cause is to be determined by the jury. *Lincoln v. R.R.,* 207 N.C. 787, 178 S.E. 601. "It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not. But that is rarely the case." *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740.

It would seem that the trial judge in giving the challenged part of the charge quoted above followed *Spence v. Rasmussen,* 190 Ore. 662, 226 P. 2d 819. This was an action to recover damages for death of a bicyclist when an overtaking truck collided with his bicycle. The collision occurred 26 January 1948 about the hour of 6:10 a.m. in Jackson County, Oregon, on U. S. Highway 99. The sun rose at 7:20 a.m. that day. The weather was clear and the pavement was dry. There was evidence the bicycle was equipped with an ordinary bicycle front lamp (electric) and with a red reflector on the rear, but that the front lamp on the bicycle was not burning. Section 115-368, O. C. L. A., as amend-

ed by ch. 16, Oregon Laws 1947, provided: "(b) * * * Every bicycle shall be equipped with a lamp on the front exhibiting a white light visible from a distance of at least 500 feet to the front of such bicycle, and with a red reflector on the rear, and of such size or characteristics and so mounted as to be visible at night from all distances within 300 feet to 50 feet from the rear of such bicycle. A red light visible from a distance of 500 feet to the rear may be used in addition to the rear reflector." The Court said:

"This provision respecting a front lamp on a bicycle is designed for the benefit of those approaching a bicycle *from the front* and for the protection of the bicyclist from such. It in no way requires a light of such intensity as to render objects visible along the highway in front of the bicycle. The red reflector is designed to protect the bicyclist from vehicles approaching *from the rear* and to give notice to such vehicles of the presence of the bicycle ahead. The installation of a red *light* on the rear of a bicycle is permissive and not mandatory. The statute contemplates that the red reflector on the rear of the bicycle will show up in the rays of light from the front lamps on the motor vehicle approaching from the rear in time to prevent mishap.

"The requirements of the statute respecting front lamps on *motor vehicles* have entirely different purposes than the statute respecting bicycle lamps. The front lights on motor vehicles are designed to render visible not only the road ahead and each side thereof, but also persons and objects thereon in the path of the vehicle.

*        *        *

"There is no evidence in this record that if the front lamp on this bicycle had been burning it could have been better seen by one operating a motor vehicle from the rear, nor is there any evidence from which such inference might reasonably be drawn. * * *

"Ordinarily, the question of proximate cause must be submitted to the jury for determination, but where, as here, the facts respecting the front lamp on the bicycle are not disputed, we may, and do, hold as a matter of law that the violation of the statute in question by decedent was not a proximate cause nor contributing proximate cause of the accident in question."

In the case of *Flynn v. Kumamoto,* 22 Cal. App. 2d 607, 72 P. 2d 248, 249, the California Court of Appeals construed a statute of that

State respecting front lamps on bicycles of almost identical language to that found in the statute of North Carolina. In that case plaintiff, a minor age about fourteen years, was riding his bicycle on the highway when it was dark, and tied to his bicycle was another bicycle ridden by his brother, a minor fifteen years old. The two bicycles were separated by a distance of about five feet. Both bicycles were equipped with red reflectors, although neither had headlights. Plaintiff was struck from the rear by defendants' sedan automobile and injured. Defendants contend plaintiff was guilty of contributory negligence as a matter of law in riding an unlighted bicycle upon a public highway at night. Respecting this contention, the California Court, after quoting the statute above referred to, said:

"Inasmuch as the bicycles were equipped with red reflectors, which was not disputed, and were visible at a distance of 200 feet when directly in front of a motor vehicle as was established by evidence, it is immaterial in this case that such bicycles were not equipped with a headlight, as the absence of that light did not proximately contribute to the cause of the accident, the absence of such a light not in any manner contributing to the accident. *Greeneich v. Knoll,* 73 Cal. App. 1, 238 P. 163."

Plaintiff's evidence, in fact all the evidence, is that plaintiff was riding his bicycle on the highway at night without a lamp of any kind on the front thereof. This was a violation of G.S. 20-129 (e), and was negligence *per se.*

G.S. 20-129 (e) requires that "every bicycle shall be equipped with a lighted lamp on the front thereof, visible under normal atmospheric conditions from a distance of at least three hundred feet in front of such bicycle, * * * when used at night." This is entirely different from the requirement for motor vehicles, when used at night as set forth in G.S. 20-131 (a): "The head lamps of motor vehicles shall be so constructed, arranged, and adjusted that, except as provided in subsection (c) of this section, they will at all times mentioned in § 20-129, and under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible a person two hundred feet ahead * * *."

Plaintiff's evidence tends to show that he had a reflex mirror on the rear of his bicycle in conformity with the requirements of G.S. 20-129 (e). There is no evidence in the record that if plaintiff's bicycle had been equipped with "a lighted lamp on the front thereof," as required by G.S. 20-129 (e), it would have been visible at all to a person approaching the bicycle with an automobile from the rear. "In the abs-

ence of some probable causal connection, bald negligence *per se* can raise no presumption of proximate cause: it may be wholly innocent." *Tendoy v. West*, 51 Idaho 679, 9 P. 2d 1026. "Proximate cause is an inference of fact, to be drawn from other facts and circumstances. If the evidence be so slight as not reasonably to warrant the inference, the court will not leave the matter to the speculation of the jury." *Conley v. Pearce-Young-Angel Co., supra; Brown v. Kinsey,* 81 N.C. 245. In our opinion, and we so hold, the admitted fact that plaintiff's bicycle had no lighted light on the front thereof, considered in connection with the fact that there is no evidence in the record that if the bicycle had been equipped with a lighted lamp in accord with the statutory requirement, it would have been visible at all to a person approaching the bicycle with an automobile from the rear, permits only one legitimate inference to be drawn, and that is that the absence of a lighted lamp on plaintiff's bicycle was not a proximate cause or a contributing proximate cause of plaintiff's injuries. To hold otherwise "would unloose a jury to wander aimlessly in the fields of speculation." *Poovey v. Sugar Co.,* 191 N.C. 722, 133 S.E. 12. Under the facts disclosed by the record in the instant case, the assignment of error to the challenged part of the charge quoted above is overruled.

The jury, under the application of well-settled principles of law, resolved the issues of fact against the defendant. A careful examination of all the other assignments of error discloses no new question or feature requiring extended discussion.

This appears in the charge of the court:

> "The parties have agreed that the question of responsibility of Hazel Cribb, owner of the automobile driven by the defendant, Bronford Lowry, should not be submitted to you, her responsibility, if any, being derivative or rising out of the relation or connection, if any, between her and Bronford Lowry and you are not concerned with separate responsibility of Hazel Cribb at this time."

The record does not disclose what judicial determination, if any, has been made in respect to the responsibility of Hazel Cribb. Neither reversible nor prejudicial error has been made to appear. The verdict and judgment against Bronford Lowry will be upheld.

No error.