## JUDY FAYE GRIFFIN v. WILLIE D. WARD.

### (Filed 11 May, 1966.)

**1. Automobiles § 9—**

The requirement of G.S. 20-154 that the driver of a vehicle should not stop without first seeing that he can do so in safety and must give a signal of his intention when the operators of other cars might be affected does not apply to a stop made necessary by the exigencies of traffic, as when a driver, with his windows up because of rain, is following a line of cars meeting oncoming traffic and is forced to stop because of the stopping of prior traffic.

**2. Negligence § 11—**

Contributory negligence bars recovery if it contributes to the injuries as a proximate cause.

**3. Automobiles § 9—**

A driver of a vehicle in a line of traffic is charged with notice that the operator of each car is affected by the one in front of it, and he must maintain such distance, keep such a lookout, and operate at such speed under the prevailing conditions so that he can control his car under ordinarily foreseeable developments.

**4. Automobiles § 42d—**

Evidence tending to show that plaintiff's vehicle was the fifth vehicle in a line of cars in a rain, that the cars were meeting oncoming traffic precluding a left turn, that the lead car stopped, awaiting opportunity to turn left, that defendant, driving the fourth car, brought his vehicle safely

to a stop, and that plaintiff's vehicle struck the rear of defendant's vehicle, *held* to disclose contributory negligence as a matter of law.

MOORE, J., not sitting.

APPEAL by defendant from *Bone, J.,* September 1965 Session, BRUNSWICK Superior Court.

The plaintiff alleged that she was seriously injured as a result of a collision between her 1963 Falcon automobile and a 1962 Chevrolet driven by the defendant on the afternoon of June 16, 1963. The defendant denied negligence, pleading contributory negligence and set up a counterclaim.

Plaintiff's evidence tended to show that hers was the fifth in a line of cars going north on U. S. Highway No. 17 south of Wilmington, and that defendant's car was immediately ahead of her; that it had been raining and the highway was wet; that both she and the defendant were driving at about thirty to thirty-five miles per hour and she had been following his car for some twelve miles. While she was some four car lengths behind the defendant, he, without signal, brought his car to a stop and her car ran into the rear end of the Chevrolet, causing injury to her. She testified that she saw no brake lights on the defendant's car and that he gave no hand signal of his intention to stop.

The defendant's evidence tended to show that the procession was moving at a rate of forty to forty-five miles per hour; that he was following the car in front of him by some seventy-five to one hundred feet and that they were meeting oncoming cars; that the cars in front of him stopped to allow the lead car to make a left turn; that he had brought his car to a gradual stop some twelve feet in back of the car in front of him and his foot was still on the brake pedal when the plaintiff's car struck his from the rear, knocking it into the rear of the car in front of him. He had been sitting there for a second or so when he was hit. His brake lights were working the day before and he believed they still were at the time of the collision. His wife testified that their child was sleeping on the rear seat of the car and that when it slowed down, she looked back and saw the plaintiff's car at that time; that the plaintiff appeared to be engaged in conversation with a passenger in the front seat of her car and was turning her head to talk, and was not keeping a constant lookout; that the plaintiff made no attempt to stop or slow her car down prior to the impact; that the defendant slowed down so gradually the baby was not thrown off the rear seat.

At the close of the plaintiff's evidence and again at the close of all the evidence, the defendant moved for judgment as of nonsuit, both upon the grounds of lack of actionable negligence on the part

of the defendant, and of contributory negligence on the part of the plaintiff. The motions were denied and the jury awarded substantial damages to the plaintiff. The defendant appealed, assigning error.

*Sullivan and Horne by Kirby Sullivan and Thomas E. Horne Attorneys for plaintiff appellee.*

*Stevens, Burgwin, McGhee & Ryals by Ellis L. Aycock; Herring, Walton, Parker & Powell by Ray Walton Attorneys for defendant appellant.*

PLESS, J.  G.S. 20-154, which provides that the driver of a motor vehicle shall not stop without first seeing that he can do so in safety and that he must give a signal of his intention where the operation of other cars might be affected, is not applicable where the driver has no choice. Here the defendant was confronted with a situation which demanded that he stop because the line of cars in front of him had done so and he could not turn left because of oncoming traffic. It had been raining and the windows of his car were up so he could give no hand signal, so that his negligence, if any, is based upon the statement of the plaintiff that she saw no brake lights burning on the rear of his car. Even so, it may be doubted that this was the proximate cause of the collision. If the plaintiff can survive the motions for nonsuit upon the questionable contention that the defendant was actionably negligent, we have no serious problem in holding that upon the plaintiff's evidence, and upon all the evidence, the plaintiff could not survive the issue of contributory negligence.

In *Clontz v. Krimminger*, 253 N.C. 252, 116 S.E. 2d 804, this Court said:

"The mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed or was following too closely", citing *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 333, where this Court laid down the following rule:

"It is the duty of the driver of a motor vehicle not merely to look but to keep an outlook in the direction of travel; and he is held to the duty of seeing what he ought to have seen."

The following excerpts from *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355, are applicable here:

"The driver of an automobile is not required to anticipate negligence on the part of others and his failure to do so does not

constitute an act of negligence * * * but he is under the duty to keep a reasonably careful lookout. * * * 'The requirements of a prudent operation are not necessarily satisfied when the defendant "looks" either preceding or during the operation of his car. It is the duty of the driver of a motor vehicle not merely to *look*, but to *keep an outlook* in the direction of travel; and he is held to the duty of seeing what he ought to have seen.' "

"The plaintiff's negligence, to defeat a recovery in an action like the present, need not be the sole proximate cause of the injury. It is enough if it contribute to the injury as a proximate cause, or one of them." *Moore v. Boone*, 231 N.C. 494, 57 S.E. 2d 783.

There is little, if any, conflict in the evidence for the plaintiff and for the defendant, but we have summarized both to give the full picture. The statement of Chief Justice Stacy in *Godwin v. R. R.*, 220 N.C. 281, 17 S.E. 2d 137 is applicable here:

"It is the prevailing and permissible rule of practice to enter judgment of nonsuit in a negligence case, when it appears from the evidence offered on behalf of the plaintiff that his own negligence was the proximate cause of the injury, or one of them. The plaintiff thus proves himself out of court. It need not appear that his negligence was the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of the defendant. It is enough if it contribute to the injury. The very term 'contributory negligence' *ex vi termini* implies that it need not be the sole cause of the injury. The plaintiff may not recover, in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the injury."

Here the plaintiff and defendant had been behind a line of cars for a substantial distance. Under these conditions a driver, in the exercise of reasonable care, is charged with notice that the operation of each car is affected by the one in front of it. He must maintain such distance, keep such a lookout and operate at such speed, under these conditions, that he can control his car under ordinarily foreseeable developments. The defendant did so and was able to stop when it became necessary. No less responsibility was cast upon the plaintiff.

Being of the opinion that the cited authorities are controlling here, we hold that the motion to nonsuit the plaintiff's cause of action should have been allowed.

Reversed.

MOORE, J., not sitting.