MICHAEL D. BIGELOW, BY GUARDIAN AD LITEM, JOHN JOSEPH BIGELOW v. JEFFREY D. JOHNSON, JAMES MARION MILLICAN AND MILLICAN CONSTRUCTION COMPANY

JEFFREY D. JOHNSON v. JAMES MARION MILLICAN AND MILLICAN CONSTRUCTION COMPANY

No. 1

(Filed 5 May 1981)

**1. Automobiles § 13— headlamp on motor vehicle—specific design and construction required**

The legislature intended that a "headlamp" within the contemplation of G.S. 20-129(c) and G.S. 20-131 should be one that was specifically designed and constructed for use as a headlamp, and the five-cell flashlight which plaintiffs attached to their motorcycle fell short of the headlamp requirement.

**2. Automobiles §§ 13, 73— flashlight on motorcycle—no lighted headlamp—contributory negligence as matter of law**

In an action for personal injuries arising from a collision between a motorcycle driven by one defendant, on which plaintiff was riding as a passenger, and an automobile operated by another defendant, the motorcycle driver's failure to equip his vehicle with an adequate headlamp, in violation of G.S. 20-129, constituted negligence as a matter of law, and no substituted light could negate his negligence; moreover, plaintiff passenger could not maintain an action against defendant driver to recover damages resulting from the driver's negligence, since he was contributorily negligent as a matter of law in suggesting the use of a flashlight as a substitute for the original headlamp, assisting in attaching it to the motorcycle, and voluntarily riding with the driver on the motorcycle with full knowledge of the substituted flashlight.

**3. Automobiles § 59.1— entering highway—failure to keep proper lookout—proximate cause as jury question**

Though a motorcycle driver and passenger were negligent in equipping their motorcycle with a flashlight rather than a "headlamp" within the meaning of the applicable statutes, their contributory negligence would not bar their recovery for personal injuries from the driver of an automobile if the substituted flashlight and front caution lights on the motorcycle were burning in such a way that the automobile driver should have observed the approach of the motorcycle in the exercise of reasonable caution; therefore, the trial court erred in directing verdicts for defendants where it was possible to infer from the evidence that the driver's and passenger's negligence in failing to equip the motorcycle with an adequate headlamp was a proximate cause of the collision, it was equally possible to infer that the collision was caused solely by the automobile driver's negligence in breaching his duty to keep a proper lookout, and a jury question thus arose as to causation. G.S. 20-156(a).

PLAINTIFF appeals as a matter of right from a decision of the Court of Appeals, 49 N.C. App. 40, 270 S.E. 2d 503 (1980) (opinion by *Judge Harry C. Martin*, with *Judge Wells* concurring and *Judge Webb* dissenting). The Court of Appeals affirmed directed verdict in favor of defendants entered by *Lupton, J.*, at the 17 September 1979 Session of Superior Court, GUILFORD County.

This action arose from a collision between a motorcycle driven by Jeffrey D. Johnson, on which Michael D. Bigelow was riding as a passenger, and an automobile operated by James M. Millican and registered to Millican Construction Company. The undisputed evidence presented at trial indicates that Michael Bigelow, then aged fifteen, was visiting the home of Jeffrey Johnson, then sixteen years old, at approximately 6:00 p.m. on 25 November 1976. The two boys decided to visit another friend, and desired to travel to this friend's home on Johnson's motorcycle. Johnson had earlier discovered that the headlamp of his vehicle was not working properly, thus Bigelow suggested that they attach a five-cell flashlight to the motorcycle as a substitute for the headlamp. The flashlight was taped to the stabilizer bar between the handlebars, in approximately the same location as the original headlamp. They tested the beam of the flashlight and agreed that it projected a light comparable in brightness to that produced by the original headlamp. The two boys then proceeded to drive to their friend's house at approximately 7:00 p.m., after it had become dark outside.

They drove east on Cornwallis Drive in Greensboro, North Carolina, at a speed of approximately thirty miles per hour in a thirty-five miles per hour zone. Defendant Millican pulled out of the parking lot of a 7-Eleven Store on the south side of Cornwallis Drive and proceeded to turn west into that street. The automobile and the motorcycle collided, damaging the front end of each vehicle and injuring Bigelow and Johnson.

Bigelow and Johnson both testified that they saw the automobile leave the parking lot, that Johnson attempted to stop the motorcycle, and that he gave a verbal warning to Bigelow to "hold on." Millican testified that he looked for lights and vehicles in both directions before leaving the parking lot at a speed of from five to ten miles per hour. He stated that he never saw the motorcycle until after the impact, and that he thought he had run over a box or some other object in the road.

Bigelow, through his guardian,[1] brought an action on 5 May 1978 for personal injuries sustained as a result of the accident against Johnson, Millican, and Millican Construction Company. Johnson, also acting through his guardian,[2] crossclaimed against Millican and Millican Construction Company for contribution, personal injury, and property damage. Millican and Millican Construction Company crossclaimed against Johnson for contribution and counterclaimed against him for property damage to the automobile. The claims were consolidated for trial by an order filed 1 December 1978.

At the close of all the evidence, the trial judge granted directed verdicts for all defendants in both personal injury actions, on the ground that Johnson and Bigelow were contributorily negligent as a matter of law. Millican Construction Company and Johnson settled the cross action for property damage to the automobile and filed notice of dismissal with prejudice. The Court of Appeals affirmed the trial court's entry of directed verdicts in favor of defendants, Judge Webb dissenting. Plaintiffs appeal to this Court as a matter of right pursuant to G.S. 7A-30(2).

*Parker & West by Gerald C. Parker for plaintiff-appellant Michael D. Bigelow.*

*Nichols, Caffrey, Hill, Evans & Murrelle by Lindsay R. Davis, Jr., for defendant-appellee Jeffrey D. Johnson.*

*Perry C. Henson and Jack B. Bayliss, Jr., for defendant-appellees James M. Millican and Millican Construction Company.*

COPELAND, Justice.

Plaintiffs set forth several arguments in support of their allegation that the Court of Appeals erred in affirming the trial court's order entering directed verdicts in favor of defendants. We have carefully reviewed each of plaintiffs' contentions and find that directed verdict was properly granted in favor of defendant Johnson, but improperly granted in favor of defendants

---

1. Bigelow's motion to continue the action in his own name after attaining his majority on 18 April 1979 was allowed 21 August 1979.

2. Johnson's motion to continue the action in his own name after attaining his majority on 19 April 1978 was granted 21 August 1979.

Millican and Millican Construction Company. For the reasons stated below, we reverse that portion of the Court of Appeals' decision which affirmed the entry of directed verdicts in favor of defendants Millican and Millican Construction Company.

Plaintiffs first allege that the Court of Appeals erred in holding that since plaintiffs' vehicle was not equipped with an adequate headlamp within the definition of the applicable statutes, plaintiffs were contributorily negligent as a matter of law. G.S. 20-129(c) sets forth the headlamp requirements for motorcycles as follows:

"Every motorcycle shall be equipped with at least one and not more than two headlamps which shall comply with the requirements and limitations set forth in G.S. 20-131 or 20-132. The headlamps on a motorcycle shall be lighted at all times while the motorcycle is in operation on highways or public vehicular areas."

The section of G.S. 20-131 pertinent to this appeal provides:

"(a) The headlamps of motor vehicles shall be so constructed, arranged, and adjusted that . . . they will at all times mentioned in G.S. 20-129, and under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible a person 200 feet ahead."

The question before us on this appeal is whether the flashlight which plaintiffs attached to the motorcycle on which they were riding sufficed as a "headlamp" within the meaning of these statutory provisions. We agree with the trial court and the Court of Appeals that it did not.

[1] Although G.S. 20-129(c) and G.S. 20-131(a) do not contain a specific definition of a "headlamp" beyond the requirement that it project a driving light sufficient to render clearly discernible an individual 200 feet ahead, we believe that the Legislature's use of the term "headlamp" indicates that not just any light source possessing the requisite brightness will suffice. In the absence of an indication by the Legislature to the contrary, it is presumed that words in a statute are to be accorded their natural and ordinary meaning. *Wood v. J. P. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979); *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974). Webster's Third New International Dictionary 1042 (1971) refers to a "headlamp" as synonymous with a

"headlight," which is defined as follows: "A light usu[ally] having a reflector and special lens and mounted on the front of a . . . motor vehicle for illuminating the road ahead." Thus, in its ordinary meaning a "headlamp" signifies not only a light constructed to project a powerful beam, but also a light constructed to diffuse this beam through "a reflector and special lens" in order to better illuminate the road ahead and serve as a warning to other vehicles. Our conclusion that the Legislature employed the term "headlamp" in its ordinary sense is further supported by the language of G.S. 20-131(a) which specifies that a headlamp must be "so constructed, arranged, and adjusted" as to provide the requisite visibility. By the use of this phrase we believe the Legislature intended that a "headlamp" within the contemplation of the statute be one that was specifically designed and constructed for use as a headlamp. While we do not attempt to set forth in detail the particular design or construction that would satisfy the statutory definition, we do hold that the five-cell flashlight which plaintiffs attached to the motorcycle in this case falls short of the headlamp requirement. The flashlight was not constructed to diffuse its beam of light and was never intended or designed for use as a motorcycle headlamp.

[2] Johnson's failure to equip his vehicle with an adequate headlamp, in violation of G.S. 20-129, constituted negligence as a matter of law. *Reeves v. Campbell*, 264 N.C. 224, 141 S.E. 2d 296 (1965), *Cornell v. Gaskins*, 263 N.C. 212, 139 S.E. 2d 202 (1964); *Oxendine v. Lowry*, 260 N.C. 709, 133 S.E. 2d 687 (1963). When a statute prescribes a standard, the standard is absolute. "No person is at liberty to adopt other methods and precautions which in his opinion are equally or more efficacious to avoid injury." *Aldridge v. Hasty*, 240 N.C. 353, 360, 82 S.E. 2d 331, 338 (1954). *See also Stockwell v. Brown*, 254 N.C. 662, 119 S.E. 2d 795 (1961); *Bondurant v. Martin*, 252 N.C. 190, 113 S.E. 2d 292 (1960). Consequently, Johnson's failure to use a "headlamp" as required by statute was negligence *per se*, and no substituted light could negate his negligence.

However, plaintiff Bigelow may not maintain an action against Johnson to recover damages resulting from Johnson's negligence, for we likewise find Bigelow contributorily negligent as a matter of law. It is well established that a motor vehicle passenger must exercise due care for his own safety. *Atwood v.*

*Holland,* 267 N.C. 722, 148 S.E. 2d 851 (1966); *Dinkins v. Carlton,* 255 N.C. 137, 120 S.E. 2d 543 (1961); *Sorell v. Moore,* 251 N.C. 852, 112 S.E. 2d 254 (1960). A passenger cannot acquiesce in a continued course of negligent behavior on the part of the driver and retain the right to claim damages from him for injuries resulting therefrom. *Lawson v. Benton,* 272 N.C. 627, 158 S.E. 2d 805 (1968); *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162 (1941). The uncontested evidence in the case *sub judice* establishes that it was Bigelow who suggested the use of the flashlight as a substitute for the original headlamp and assisted in attaching it to the motorcycle. Bigelow admitted that he voluntarily rode with Johnson on the motorcycle with full knowledge of the substituted flashlight. Under these circumstances, we hold that Bigelow's actions in riding with Johnson on a motorcycle that was not equipped with an adequate headlamp constituted contributory negligence as a matter of law, and the Court of Appeals' decision upholding the entry of a directed verdict in favor of Johnson on Bigelow's claim against him is affirmed.

[3]  Although we find both Bigelow and Johnson negligent as a matter of law, we cannot hold as a matter of law that their negligence was a proximate cause of the collision and the injuries resulting therefrom. Negligence bars recovery only if it is a proximate cause of the injuries complained of; otherwise, it is of no legal importance. *Griffin v. Ward,* 267 N.C. 296, 148 S.E. 2d 133 (1966); *Taney v. Brown,* 262 N.C. 438, 137 S.E. 2d 827 (1964); *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40 (1964). The facts of the present case give rise to conflicting inferences of causation. From the evidence presented it is possible to infer that plaintiff's negligence in failing to equip the motorcycle with an adequate headlamp was a proximate cause of the collision. It is equally possible, however, to infer that the collision was solely caused by defendant Millican's negligence in breaching his duty under G.S. 20-156(a) to keep a proper lookout for oncoming vehicles. G.S. 20-156(a) provides that "[t]he driver of a vehicle about to enter or cross a highway from an alley, building entrance, private road, or driveway shall yeild the right-of-way to all vehicles approaching on the highway to be entered." In order to comply with this statute, the driver of a vehicle entering a public highway from a private drive is required to look for vehicles approaching on such highway at a time when this precaution may be effective, and to

defer entry until a reasonable and prudent man would conclude that the entry could be made in safety. *Penland v. Greene*, 289 N.C. 281, 221 S.E. 2d 365 (1976); *Smith v. Nunn*, 257 N.C. 108, 125 S.E. 2d 351 (1962); *C.C.T. Equipment Co., v. Hertz Corp.*, 256 N.C. 277, 123 S.E. 2d 802 (1962).

Since defendant Milican was entering West Cornwallis Drive from the private driveway of a 7-Eleven Store at the time of the collision, G.S. 20-156(a) is applicable to the case *sub judice*. It is uncontroverted that the accident occurred on a cold, dry, clear night. Bigelow and Johnson both testified that at the time of the collision the flashlight mounted on the stabilizer bar and the two amber caution lights on the front of the motorcycle were turned on and operating properly. Both further stated that Johnson saw Millican's vehicle turning onto the public road and attempted to avoid a collision. These facts give rise to the inference that Millican was negligent in failing to detect the presence of the oncoming motorcycle and that his negligence was the only proximate cause of the collision. Even though the motorcycle was not equipped with a "headlamp" within the meaning of the applicable statutes, if the flashlight and front caution lights were burning in such a way that Millican should have observed the approach of the motorcycle in the exercise of reasonable caution, then his failure to delay entry onto the public road was the proximate cause of the injury and plaintiffs' contributory negligence would not bar their recovery.

When conflicting inferences of causation arise from the evidence, it is for the jury to determine from the attendant circumstances what proximately caused the injuries complained of. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976); *Olan Mills, Inc. of Tennessee v. Cannon Aircraft Executive Terminal, Inc.*, 273 N.C. 519, 160 S.E. 2d 735 (1968); *Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711 (1967). Since the evidence in the present case is susceptible to conflicting inferences of causation, it was error for the trial court to enter directed verdicts in favor of defendants Millican and Millican Construction Company. We therefore reverse that portion of the Court of Appeals' opinion which affirmed the entry of directed verdicts in favor of these defendants and remand to that court with instructions to remand to the Superior Court, Guilford County, for a new trial on the issue of proximate causation.

That portion of our decision which affirms the entry of directed verdict in favor of defendant Johnson is not affected by our holding reversing the directed verdicts entered in favor of defendants Millican and Millican Construction Company. Despite the outcome of the new trial on the issue of proximate causation, plaintiff Bigelow is precluded as a matter of law from recovering damages from defendant Johnson. If the jury determines that defendant Millican was negligent in failing to observe the approaching motorcycle, and that such negligence was the proximate cause of the collision and plaintiff's injuries arising therefrom, then plaintiff Bigelow could not recover from Johnson since Johnson's negligent failure to equip his vehicle with a proper headlamp was not a proximate cause of the injury. *Meyer v. McCarley & Co., Inc.*, 288 N.C. 62, 215 S.E. 2d 583 (1975); *McGaha v. Smokey Mountain Stages, Inc.*, 263 N.C. 769, 140 S.E. 2d 355 (1965). Should the jury decide that the collision and resulting injuries were proximately caused by Johnson's negligent failure to equip his motorcycle with an adequate headlamp, plaintiff Bigelow is nevertheless barred from recovery against Johnson by his own contributory negligence. *Presnell v. Payne*, 272 N.C. 11, 157 S.E. 2d 601 (1967); *Griffin v. Ward*, 267 N.C. 296, 148 S.E. 2d 133 (1966); *Howard v. Melvin*, 262 N.C. 569, 138 S.E. 2d 238 (1964).

For the reasons stated above, the opinion of the Court of Appeals is

Affirmed in part, reversed in part, and remanded.