Cook v. Ponos

---

WILLIAM RHYNE COOK v. TASIA GARDELIS PONOS

No. 835SC47

(Filed 20 December 1983)

**Automobiles and Other Vehicles § 80.1— striking turning vehicle—contributory negligence—jury question**

While the evidence raised an inference that plaintiff motorcyclist was negligent in that he exceeded the speed limit, he passed another vehicle on the

right in a "parking lane," and he failed to keep a proper lookout, a jury ques-
tion was presented as to whether any or all of these acts or omissions on the
part of plaintiff was a proximate cause of a collision between plaintiff's motor-
cycle and a vehicle which made a left turn across his lane of travel.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered
20 August 1982 in Superior Court, NEW HANOVER County. Heard
in the Court of Appeals 6 December 1983.

This is a civil action wherein plaintiff seeks to recover dam-
ages for personal injuries resulting from a collision between a
motorcycle operated by plaintiff and an automobile operated by
defendant in an allegedly negligent manner.

At the close of plaintiff's evidence the court allowed defend-
ant's motion for a directed verdict, made under Rule 50, North
Carolina Rules of Civil Procedure. The court concluded as a mat-
ter of law that "plaintiff was guilty of contributory negligence in
causing the accident which is a bar to any recovery by him in this
action."

Plaintiff appealed.

*Goldberg & Anderson, by Frederick D. Anderson, for the
plaintiff, appellant.*

*Crossley & Johnson, by John F. Crossley, for the defendant,
appellee.*

HEDRICK, Judge.

The sole question raised by plaintiff on appeal is whether the
court erred "in entering judgment in favor of defendant at the
close of plaintiff's evidence upon the ground of contributory
negligence as a matter of law on the part of plaintiff."

Defendant's motion for a directed verdict on the ground of
contributory negligence was properly granted only if "plaintiff's
evidence, taken as true and interpreted in the light most fav-
orable to plaintiff, so clearly shows [plaintiff's] negligence to have
been a proximate cause of [the accident] that it will support no
other conclusion as a matter of law." *Neal v. Booth,* 287 N.C. 237,
241, 214 S.E. 2d 36, 39 (1975). Even when the evidence establishes
negligence *per se*, the question whether such negligence was the
proximate cause of plaintiff's own injuries is ordinarily one for

the jury. *Furr v. Pinoca Volunteer Fire Dept.*, 53 N.C. App. 458, 281 S.E. 2d 174, *disc. rev. denied*, 304 N.C. 587, 289 S.E. 2d 377 (1981). "Negligence bars recovery only if it is a proximate cause of the injuries complained of; otherwise, it is of no legal importance." *Bigelow v. Johnson*, 303 N.C. 126, 131, 277 S.E. 2d 347, 351 (1981). "When conflicting inferences of causation arise from the evidence, it is for the jury to determine from the attendant circumstances what proximately caused the injuries complained of," and entry of a directed verdict in such a case is error. *Id.* at 132, 277 S.E. 2d at 351 (citations omitted).

In the instant case the evidence, taken in the light most favorable to the plaintiff, shows the following: On 13 August 1980 plaintiff was operating a motorcycle in the northbound "outside travel lane" of U.S. Highway 421, outside Wilmington. That portion of the highway on which plaintiff was traveling has four travel lanes and a center turn lane, and it is bordered on each side by a "parking lane." Plaintiff was traveling approximately forty miles per hour, the speed limit, as he approached the point where the accident occurred. Approximately 150 to 200 yards south of the point of collision plaintiff passed a car. Plaintiff exceeded the legal speed limit in passing this vehicle, and he passed the car on the right, by moving his motorcycle into the "parking lane." Confronted with a truck parked in this lane, plaintiff quickly returned to the "outside travel lane," in front of the car he had just passed. After he passed the car and returned to the travel lane, approximately 250 feet from the point of collision, plaintiff saw for the first time the car driven by defendant. Defendant, who had been traveling in a southerly direction on Highway 421, had stopped her car partially in the turn lane and partially in the southbound inside travel lane in preparation for a left turn into a service station driveway on the east side of Highway 421. When plaintiff was approximately one hundred feet from the driveway, the defendant's car began to turn, thus obstructing the lane in which plaintiff was traveling. Plaintiff attempted to avoid the collision, but was unable to do so.

While this evidence raises an inference that plaintiff was negligent in that he exceeded the speed limit, and that he passed another vehicle on the right, in what he himself denominated a "parking lane," and that he failed to keep a proper lookout, it is

for the jury to say whether any or all of these acts or omissions on the part of plaintiff was a proximate cause of the collision.

The evidence adduced at trial fails to so clearly establish that plaintiff's own negligence was a proximate cause of his injuries as to "support no other conclusion as a matter of law." We thus find that the court erred in directing a verdict for defendant, and remand the cause to the Superior Court for a new trial.

Reversed and remanded.

Judges BRASWELL and EAGLES concur.