UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES ADAMS,
<u>Plaintiff-Appellant,</u>

v.

No. 99-1998

CSX TRANSPORTATION,
INCORPORATED; NORFOLK SOUTHERN
RAILWAY COMPANY,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Terrence W. Boyle, Chief District Judge.
(CA-97-143-4-BO)

Argued: March 3, 2000

Decided: April 5, 2000

Before WILKINSON, Chief Judge, and WILLIAMS
and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Raymond E. Dunn, Jr., DUNN & DUNN, New Bern,
North Carolina, for Appellant. Randall R. Adams, POYNER &
SPRUILL, Rocky Mount, North Carolina, for Appellee CSX; Christie
McCallie Foppiano, BODE, CALL & STROUPE, L.L.P., Raleigh,
North Carolina, for Appellee Norfolk Southern. **ON BRIEF:** Rudolph

A. Ashton, III, MCCOTTER, MCAFEE & ASHTON, P.L.L.C., New Bern, North Carolina, for Appellant. Timothy W. Wilson, POYNER & SPRUILL, Rocky Mount, North Carolina; John R. Jolly, Jr., POYNER & SPRUILL, Raleigh, North Carolina, for Appellee CSX; Odes L. Stroupe, Jr., BODE, CALL & STROUPE, L.L.P., Raleigh, North Carolina, for Appellee Norfolk Southern.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Adams' pickup truck collided with a CSX train as the train was moving over a crossing and tracks owned by Norfolk Southern. Adams brought suit, alleging negligence and gross negligence on the part of CSX and Norfolk Southern. The district court granted both defendants summary judgment, finding Adams contributorily negligent as a matter of law. We affirm the judgment of the district court.

I.

At approximately 6:15 a.m. on December 6, 1994, Charles Adams was driving to work in his 1992 Ford pickup truck on Windmill Road in Beaufort County, North Carolina. The crossing at issue in this case is located two miles from Adams' home. The tracks at the crossing are owned by Norfolk Southern Railway Corporation.

As he approached the crossing, Adams was traveling between 25 to 40 mph with his low beams on. It was still dark and Adams encountered patchy fog. At the last curve in the road before the crossing, the fog cleared. As Adams cleared the curve onto the straight portion of the road just before the crossing, Adams again encountered a thick fog. He reduced his speed. He then saw black letters on the side of a dirty white railcar. This car was part of a train owned by CSX

2

Transportation that was passing through the crossing. Adams' truck struck the train between the seventeenth and eighteenth railcars.

Adams filed suit in Beaufort County Superior Court against CSX, alleging negligence and willful, wanton, and gross negligence. CSX removed the case to federal district court based on diversity of citizenship. Adams then filed suit in federal district court against Norfolk Southern, again alleging negligence and willful, wanton, and gross negligence. The cases against CSX and Norfolk Southern were consolidated. The two defendants filed motions for summary judgment. The district court granted their motions and dismissed the case, finding Adams contributorily negligent as a matter of law. Adams now appeals.

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the applicable law, we conclude that the district court correctly found Adams contributorily negligent as a matter of law. And under North Carolina law, contributory negligence acts as a complete bar to recovery. See Griffen v. Ward, 148 S.E.2d 133, 135-36 (N.C. 1966).*

The evidence in this case, even when viewed in the light most favorable to Adams, establishes that Adams was contributorily negligent as a matter of law. Adams had traversed this specific crossing at least twice a week for four years. Adams thus not only knew of the existence of the crossing but also its layout and configuration. In addition, the crossing had three separate warning signs: a yellow railroad warning sign 657 feet from the crossing; a fifty-foot-long railroad sign painted on the surface of Windmill Road approximately 320 feet

_____

*Adams contends that under North Carolina law a plaintiff's contributory negligence will not preclude recovery for injuries proximately caused by a defendant's willful, wanton, and gross negligence. See Robinson v. Seaboard System Railroad, 361 S.E.2d 909, 914 (N.C. Ct. App. 1987). We agree with the district court, however, that Adams has failed to make any showing of willful, wanton, or gross negligence on the part of either CSX or Norfolk Southern.

from the crossing; and a white crossbuck sign with black lettering reading "Railroad Crossing" immediately prior to the crossing.

Moreover, Adams struck the CSX train between the seventeenth and eighteenth railcars. This means that the train was already in the crossing as Adams approached. Adams also had his window halfway down as he approached the crossing through which the two-engine, sixty-one car freight train was passing. And the fog and darkness that morning should have suggested to Adams that he exercise extreme caution.

Accordingly, we affirm on the reasoning of the district court.

<u>AFFIRMED</u>

4